UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AT&T MOBILITY LLC, a Delaware limited liability corporation, | CASE NO. C10-468TSZ |
| Plaintiff, | |
| v. | ORDER |
| HOLADAY-PARKS-FABRICATORS, INC., a Washington corporation, | |
| Defendant, | |
| v. | |
| EVERGREEN POWER SYSTEMS, INC., a Washington corporation, et al., | |
| Third-Party Defendants. | |

This MATTER comes before the Court on Defendant Holaday-Parks-Fabricators, Inc.'s ("Holaday-Parks") Amended Motion for Leave to Amend Answer and Third-Party Claims, docket no. 49. For the following reasons, the Court DENIES Defendant's motion to amend its answer and third-party claims.

ORDER
PAGE -1

I.  **BACKGROUND**

On August 1, 2008, 16,000 gallons of diesel fuel overflowed from an above-ground storage tank at AT&T's Bothell facility.  Compl. ¶ 12 (docket no. 1).  On March 19, 2010, AT&T Mobility LLC ("AT&T") filed suit against Holaday-Parks, the contractor who had installed the fuel system.  On April 12, 2010, Holaday-Parks filed a third-party complaint against Evergreen Power Systems, Inc. ("Evergreen"), their electrical subcontractor, Source North America Corporation ("Ace Tanks"), which supplied the fuel control system, and Phillips Pump, LLC, which manufactured the fuel control system.  Def. Answer and Third Party Compl. (docket no. 7).  On June 29, 2010, the Court set a November 29, 2010 deadline to join parties.  Minute Order (docket no. 22).  Although the Court later extended other pretrial deadlines, including extending the deadline to amend pleadings to June 29, 2011, the Court has not extended the deadline to join parties.  Minute Order (docket no. 39).

Defendant Holaday-Parks now moves for leave to serve a third-party complaint to Gerber Engineering ("Gerber"), a subcontractor to Evergreen.  Holaday-Parks states that it was not until May 23, 2011, when counsel for Ace Tanks forwarded to counsel for Holaday-Parks a wiring diagram, that Holaday-Parks became aware that it was Gerber who had specified the wiring for the fuel level sensor.  Holaday-Parks argues that Gerber should be joined because it believes AT&T will allege that the wiring specified by Gerber was the wrong wiring.  However, that diagram has been in the possession of

Holaday-Parks since August 15, 2007, and was even produced by Holaday-Parks in response to requests for production issued by Plaintiff AT&T in February, 2011. Decl. of Seann C. Colgan ¶ 2, Ex. A. (docket no. 55). The wiring diagram was also produced to Holaday-Parks in December 2010 as part of Evergreen's production of 1400 documents. Am. Decl. of Jeffrey D. Laveson ("Laveson Decl.") ¶ 8 (docket no. 50); Decl. of Shilpa Bhatia ("Shipa Decl."), Ex. 4 (docket no. 52-1).

II. **DISCUSSION**

**A. Standard of Review**

Once a pretrial schedule has been set by the Court, it may only be modified "for good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Mistake or inadvertence of counsel is insufficient to support a finding of good cause. Davis v. Washington, No. 04-5509, 2008 WL 701576, at *1 (W.D. Wash. Mar. 13, 2008). If good cause is shown, the movant must show that the amendment is proper under Fed. R. Civ. P. 15. Although leave to amend shall be freely given under Rule 15, "it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would

be futile…." Universal Mortg. Co., Inc. v. Prudential Ins. Co., 799 F.2d 458, 459 (9th Cir. 1986).

**B. Holaday-Parks Has Failed to Show Good Cause**

Holaday-Parks has proffered no legitimate excuse for why it has taken it almost four years to interpret a document in its possession. It complains that over a half million pages of documents needed to be reviewed, and it is only 20/20 hindsight that shows the importance of the wiring diagram. Yet Holaday-Parks produced the same wiring diagram, along with emails, meeting minutes, and other documents showing Gerber's role in the project, to the other parties during discovery. Shipa Decl. ¶ 5. Holaday-Parks had numerous other missed opportunities to determine the diagram's importance. It could have spoken with its own employees who communicated with Gerber during the project. It could have sent interrogatories or requests for production to Evergreen. It could have deposed Evergreen's employees. That it was only until Holaday-Parks received the diagram as part of an email from Ace Tanks that Holaday-Parks realized the importance of the diagram does not demonstrate diligence. Laveson Decl. Ex. A. Accordingly, the Court finds that Holaday-Parks has failed to demonstrate good cause for adding a party past the deadline.

The Court also notes that Holaday-Parks will not be prejudiced by a refusal to join Gerber, and that other parties would be prejudiced by adding a party at this late date. The Court construes Evergreen's statement that "it is not going to use Gerber

Engineering's participation in the project as an empty chair" as stating that Evergreen takes responsibility for the actions of its subcontractor Gerber and will not seek indemnity from Gerber in this action. Evergreen Opp'n at 7 (docket no. 51). Therefore it does not appear that Holaday-Parks will be prejudiced by Gerber's absence. At the same time, allowing Gerber to be added as a party at this late juncture would delay discovery and trial by months, which would prejudice the other parties.

**C. Granting Leave to Amend Would be Futile**

Moreover, even if Holaday-Parks had acted diligently, it has no basis for a claim against Gerber Engineering, and therefore the amendment is futile under Fed. R. Civ. P. 15. Holaday-Parks is not in contractual privity with Gerber and concedes that it has no legal basis to sue Gerber unless the Court allows it to advance a tort claim under the recent Washington Supreme Court case, Affiliated FM Ins. Co. v. LTK Consulting Services, Inc., 170 Wn.2d 442 (2010), because "[w]here, as here, there was no direct contractual relationship, the general contractor would have no claim at all against the design professional." Am. Mot. for Leave to Answer Third-Party Claims, 5 (docket no. 49). See also Reply, 2 (docket no. 57) ("Until the Washington Supreme Court decided the Affiliated FM case, there was no legal basis for [Holaday-Parks] to sue Gerber.").

Holaday-Parks argues that Affiliated now provides reason for it to amend its third-party claims to advance a tort claim against Gerber Engineering. It does not.

Before <u>Affiliated</u> was decided, <u>Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1</u>, held that in the context of a construction project, a general contractor could not recover purely economic damages in tort from a design professional, and was limited to those damages recoverable in contract.   124 Wn.2d 816, 833 (1994).[1]   The court in <u>Affiliated</u> did not overrule <u>Berschauer/Phillips</u>, rather it noted that "extending that case to all classes of harm and all classes of people would be unjust."   <u>Affiliated</u> held for the first time that an engineering contractor had a duty of reasonable care independent of its contractual obligations.   170 Wn.2d at 451-54.   The court in <u>Affiliated</u> then extended this duty of care to a Seattle Monorail concessionaire who had a legally protected interest in the Monorail, which was damaged by fire due to the engineering contractor's negligence, and who had claimed economic loss for lost business profits during the monorail's shutdown.   <u>Id.</u> at 456-58.   But unlike in <u>Affiliated</u>, Holaday-Parks is not seeking its own damages; it seeks only indemnification for claims brought against it by

///
///
///
///
///
///

---

[1] <u>Berschauer/Phillips</u> involved a contractor who sought recovery of economic loss due to construction delays caused by the architect, structural engineer, and the project inspector.   The court reasoned that the contractor should be barred from recovery in tort "to ensure that the allocation of risk and the determination of potential future liability is based on what the parties bargained for in the contract."   <u>Id.</u> at 826.

AT&T.[2]  Nor does Holaday-Parks have a legally-protected interest in AT&T's property.[3]  <u>Affiliated</u> is therefore inapplicable to Holaday-Parks, and does not save Holaday-Parks from the futility of adding a party for whom it lacks a legal basis to sue.

III. **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion to amend its answer and third-party claims.

IT IS SO ORDERED.

DATED this 8th day of July, 2011.

*/s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

---

[2] Although Holaday-Parks captions its claims as "negligence," "indemnity," "breach of warranty," "breach of contract," and "contribution," under each claim it only seeks indemnification.  It does not claim damages of its own.  Am. Mot. for Leave to Answer Third-Party Claims, 19-22 (docket no. 49).

[3] The Court leaves for another day the questions of how far the duty of care established by <u>Affiliated</u> extends and whether that duty applies in the context of construction contracts, and holds only that where, as here, no tort damages or legally-protected interests are alleged, <u>Affiliated</u> is inapplicable.