THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AT&T MOBILITY LLC, a Delaware limited liability corporation, | |
| Plaintiff, | No. C10-468Z |
| vs. | ORDER |
| HOLADAY-PARKS-FABRICATORS, INC., a Washington corporation, | |
| Defendant. | |
| v. | |
| EVERGREEN POWER SYSTEMS, INC., a Washington corporation, et al., | |
| Third-Party Defendants. | |

This matter comes before the Court on Third Party Defendant Evergreen Power Systems, Inc.'s ("Evergreen") Motion for Summary Judgment, docket no. 71; Evergreen's Motion to Exclude Holaday-Parks' "Supplemental" Expert Report, docket

ORDER - 1

no. 74; and Holaday-Parks' Motion for Summary Judgment against Evergreen, docket no. 92.  For the reasons discussed below, the Court GRANTS in PART and DENIES in PART Evergreen's Motion for Summary Judgment.  The Court DENIES Evergreen's Motion to Exclude Holaday-Parks' "Supplemental" Expert Report, and DENIES Holaday-Parks' Motion for Summary Judgment.

### I.      Background

On August 1, 2008, 16,000 gallons of diesel fuel overflowed from an above-ground storage tank at AT&T's Bothell Data Center.  Compl. at ¶¶ 4, 12 (docket no. 1).  On March 19, 2010, AT&T Mobility LLC ("AT&T") filed suit against Holaday-Parks, the contractor who had installed the fuel system.  On April 12, 2010, Holaday-Parks filed a third-party complaint against Evergreen, its electrical subcontractor, Source North America Corporation, which supplied the fuel control system, and Phillips Pump, LLC, which manufactured the fuel control system.  Def. Answer and Third Party Compl. (docket no. 7).

AT&T claims that the cause of the spill was a defective fuel system designed and installed by Holaday-Parks.  See Compl. at ¶¶ 19-20.  Holaday-Parks, in turn, alleges breach of contract, breach of warranty, negligence, indemnity, and contribution against Evergreen, claiming that Evergreen's subcontractor, Gerber Engineering ("Gerber") installed the wrong wire, and that the installation of the wrong wire may have been one of the causes of the spill.  Def. Answer and Third Party Compl. ¶¶ 11-13; Response at 2-4 (docket no. 76).

ORDER - 2

Evergreen now moves for summary judgment against Holaday-Parks, arguing that (1) Holaday-Parks cannot prove breach of contract, breach of warranty, and breach of indemnity; (2) Holaday-Parks' negligence claim should be dismissed because Holaday-Parks cannot point to an independent tort duty breached by Evergreen; and (3) Holaday-Parks' contribution claim should be dismissed because AT&T has not sued Holaday-Parks in tort.  Holaday-Parks moves for summary judgment against Evergreen, relying on the same arguments and documents it submitted in support of its Response to Evergreen's motion for summary judgment.  Evergreen also moves to exclude Holaday-Parks' expert report on the basis that it does not comply with Fed. R. Civ. P. 26(b)(2) and Fed. R. Evid. 702, and to exclude Holaday-Parks' supplemental expert report on the basis that it is untimely.

II.     **DISCUSSION**

**A. Standard of Review**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving party need not negate the opponent's claim, Celotex, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is

not sufficient for a jury to return a verdict in favor of the opponent, Anderson, 477 U.S. at 249. To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See, e.g., Beard v. Banks, 548 U.S. 521, 529 (2006).

### B. Holaday-Parks' Breach of Contract Claim, Breach of Warranty Claim, and Indemnity Claim

In its motion for summary judgment, Evergreen challenges all of Holaday-Parks' causes of action on the theory that Holaday-Parks cannot establish breach and causation based on Holaday-Parks' expert Jon Mathison's expert report because the report fails to comply with the disclosure rules under Fed. R. Civ. P. 26(b)(2) and because it is inadmissible under Fed. R. Evid. 702.

However, Holaday-Parks does not rely solely on Mr. Mathison's report to demonstrate that a material issue of fact exists as to whether Evergreen, and Evergreen's subcontractor Gerber, were responsible for the fuel spill. Instead, Holaday-Parks points to depositions of fact witnesses and other documents. See, e.g., Report of James O'Keeffe at 10, 34, Ex. B to Decl. of Jeffery D. Laveson in Supp. of Def Holaday-Parks' Opp'n. to Summ. J. ("Laveson Decl.") (docket no. 77) (indicating that installation of the wrong wire may have led to the spill); Generator Building – Fuel Control System Diagram, Ex. J to Laveson Decl. (demonstrating that Gerber specified the wire at issue); Stathum Deposition at 101:25 – 202:3, Ex. E to Laveson Decl.

ORDER - 4

(describing that Evergreen employee Steve Stathum was involved in reconnecting the fuel level sensor circuit two days before the spill, without checking to make sure it functioned properly afterwards); Ex. L to Decl. of Laveson Decl. (Gerber deposition excerpts).  Because Evergreen only challenges Holaday-Parks' claims in its Motion for Summary Judgment by challenging the admissibility of an expert report and because Holaday-Parks has presented evidence which creates a material issue of fact as to whether Evergreen and its subcontractor Gerber were responsible for the spill, Evergreen is not entitled to summary judgment as a matter of law on Holaday-Parks' Breach of Contract, Breach of Warranty Claim, and Indemnity claims.  Accordingly, the Court denies Evergreen's motion as to these claims.

### C. Holaday-Parks' Motion to Disregard New Issues Raised in Reply

Evergreen, for the first time in its Reply, challenges Holaday-Parks' claims individually, arguing, among other things, that (1) Holaday-Parks fails to point to a contract term that was breached; (2) Holaday-Parks did not respond to Evergreen's motion to dismiss its breach of warranty claims; and (3) AT&T's claims against Holaday-Parks do not fall within the terms of the indemnity clause.  Holaday-Parks has moved that the Court disregard these new issues or allow Holaday-Parks to submit further briefing.  Holaday-Parks' Surreply to Evergreen's Reply at 2 (docket no. 85); see also Amazon.com LLC v. Lay, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010) (granting the motion to strike arguments made in reply and explaining that "[a]rguments cannot be raised properly for the first time on reply.").  Because the Court

agrees that these arguments are made for the first time in Evergreen's Reply, the Court grants Holaday-Parks' motion and disregards these new issues.

### D. Holaday-Parks' Negligence Claim

Evergreen argues that Holaday-Parks' negligence claim should be dismissed because Holaday-Parks can point to no independent tort duty to Holaday-Parks which was breached by Evergreen. Evergreen is correct.

Both parties agree, citing the plurality opinion in <u>Eastwood v. Horse Harbor Foundation, Inc.</u>, 170 Wn.2d 380, 393-94 (2010), that the relevant inquiry in determining whether economic losses are recoverable in tort, even when they arise from contractual relationships, is whether a duty existed independent of the contract. For example, in <u>Affiliated FM Ins. Co. v. LTK Consulting Services. Inc</u>., 170 Wn.2d 442 (2010), the court held that an engineering contractor had a duty of reasonable care to a Seattle Monorail concessionaire who had a legally protected interest in the Monorail, which was damaged by fire due to the engineering contractor's negligence, and who had claimed economic loss for lost business profits during the monorail's shutdown. <u>Id.</u> at 456-58.

Holaday-Parks contends that recovery for catastrophic property damage, like the damage from the fuel spill at issue here, has never been precluded by the general rule limiting parties governed by contract to their contractual damages. Holaday-Parks may well be correct; however, it has failed to show how property damage to AT&T somehow implicates a tort duty running from Evergreen to Holaday-Parks. Indeed,

ORDER - 6

Holaday-Parks does not allege it suffered damages of its own; it seeks only indemnification from claims brought against it by AT&T.  Accordingly, no independent tort duty between Holaday-Parks and Evergreen exists, and Holaday-Parks' Negligence claim is dismissed.[1]

### E.  Holaday-Parks' Contribution Claim

"Under the principle of 'contribution,' a tortfeasor against whom a judgment is rendered is entitled to recover proportional shares of judgment from other joint tortfeasors whose negligence contributed to the injury and who were also liable to the plaintiff."  Black's Law Dictionary 328 (6th ed. 1990) (citing Dawson v. Contractors Transport Corp., 467 F.2d 727, 729 (D.C. Cir. 1972)); see also, RCW 4.22.070.  In this case, AT&T has brought only breach of contract claims against Holaday-Parks; it has not brought a tort claim.  Complaint (docket no. 1).  Because a

---

[1] Holaday-Parks' argument in the alternative, that Steve Stathum was not acting under the Holaday-Parks-Evergreen subcontract when he negligently reconnected the faulty fuel level sensor circuit and that thus Holaday-Parks' negligence claim, as it relates to this negligence, is not precluded under the economic loss rule because no contract existed, at best shoots Holaday-Parks in the foot.  If it was true that Evergreen's employee was acting outside of the subcontract, then Evergreen cannot be liable for his actions.  See Thompson v. Everett Clinic, 71 Wn.App. 548, 551 (Div 1, 1993) ("In order to hold an employer vicariously liable for the tortious acts of its employees, it must be established that the employee was acting in furtherance of the employer's business and that he or she was acting within the course and scope of employment when the tortious act was committed.").  Holaday-Parks cannot have it both ways; either Mr. Stathum was working for Evergreen when he reconnected the fuel level, in which case the existence of the subcontract bars a tort claim against Evergreen, or Mr. Stathum was working outside of the scope of his employment with Evergreen, in which case Holaday-Parks may not hold Evergreen liable for his negligence.

ORDER - 7

claim of contribution is predicated on tort liability, Holaday-Parks' contribution claim is dismissed as a matter of law.[2]

**F.  Holaday-Parks Motion for Summary Judgment against Evergreen**

Holaday-Parks also moves for summary judgment against Evergreen, docket no. 92.  Holaday-Parks admits that "[t]he issues raised [in the motion] are, in large part, identical to those briefed in Holaday-Parks' Opposition to Evergreen's Motion for Summary Judgment."  Indeed, Holaday-Parks' motion for summary judgment largely repeats its Response to Evergreen's motion for summary judgment.

Holaday-Parks asks the Court to rule, on summary judgment, that it was Evergreen who caused the fuel spill at AT&T's campus and that therefore Evergreen must indemnify Holaday Parks for damages awarded to AT&T.  This result is called into question by Holaday-Parks' own pleadings, which identify Source North America Corporation and Philips Pump as also playing a role in the fuel spill; its admission in response to Source North America Corporation's motion for summary judgment that

---

[2] Holaday-Parks' argument, that the principal/agent exception to RCW 4.22.070's general abolition of joint and several liability applies in this case, is without merit.  In general, RCW 4.22.070, a product of the 1986 Tort Reform Act, requires that, "[i]n all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages…."  This is true except that, under RCW 4.22.070(a), "[a] party shall be responsible for the fault of another person or for payment of the proportionate share of another party where both were acting in concert or when a person was acting as an agent or servant of the party."  Holaday-Parks fails to explain how this exception to a tort statute possibly applies in the context of a contractual indemnity action brought by AT&T against Holaday-Parks, where no tort claims have been brought.  Moreover, Holaday-Parks fails to elucidate how Evergreen is Holaday-Parks' agent.  See also, Kamla v. Space Needle Corp., 147 Wn.2d 114, 119 (2002) (discussing the distinction between independent contractors and agents).

"[c]ausation has not yet been determined";[3] and its own expert report, which identifies the "primary causation issues" as being (1) "AT&T's failure to authorize installation of an overflow return piping system between day tanks and the main storage tank as advised by the commissioning agent", and (2) "the troubleshooting and reconnection of the fuel sensor wiring by unqualified AT&T personnel." Report of John Mathison at 7, Ex 2 to Decl. of Shilpa Bhatia in Supp. of Evergreen Power Systems' Mot. for Summ. J. ("Shilpa Decl.") (docket no. 72-1). Holaday-Parks' own pleadings, admission, and evidence create an issue of material fact as to whether and to what extent Evergreen is liable. The Court accordingly DENIES Holaday-Parks' motion for summary judgment.

### G. Evergreen's Motions to Exclude Holaday-Parks' Original and Supplemental Expert Reports

Evergreen moves to exclude Jon Mathison's expert report because it fails to comply with Fed. R. Civ. P. 26(b)(2) and Fed. R. Evid. 702. Evergreen also moves to exclude Mr. Mathison's supplemental report on the basis that it is untimely.

*1. Jon Mathison's Original Report*

Evergreen complains that Jon Mathison's expert report fails to comply with the disclosure rules as laid out in Fed. R. Civ. P. 26(a)(2) and admissibility requirements under Fed. R. Evid. 702, and that therefore the report should be excluded under Fed. R. Civ. P. 37(c). Holaday-Parks responds that the omissions from the report are harmless

---

[3] Response to Source North America Corporation's Mot. for Summ. J. (docket no. 94).

ORDER - 9

and that therefore failure to strictly comply with Rule 26(a)(2) is not grounds to disqualify the report.

Fed. R. Civ. P. 26(a)(2)(B) requires that written reports from an expert witness must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii)    the facts or data considered by the witness in forming them;
    (iii)    any exhibits that will be used to summarize or support them;
    (iv)    the witnesse's qualifications, including a list of all publications authored in the previous 10 years;
    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

If a report fails to disclose the information required by Rule 26(a), Fed. R. Civ. P. 37(c) "gives teeth to these requirements" by preventing the party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2011); Fed. R. Civ. P. 37(c)(1). The trial court is given broad discretion over whether to admit expert testimony. U.S. v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

Evergreen moves to exclude Mr. Mathison's report on the basis that the report does not include a list of publications, list of prior testimony, information on compensation, or Mr. Mathison's signature. It also claims that the report does not give the basis and reasons for Mr. Mathison's opinions.

The lack of background information on Mr. Mathison – the lack of a list of publications, prior testimony, information on compensation, and Mr. Mathison's signature – is harmless error.  Responding to these issues, Holaday-Parks claims that (1) Mr. Mathison has no relevant publications to disclose, nor prior testimony experience; (2) he included his rates in his supplemental report; and (3) he included his electronic signature on the original report, just not a handwritten one, and he has included a handwritten signature in his supplemental report.  Accordingly, none of the omissions prejudice Evergreen.  Evergreen will not be unprepared to ask Mr. Mathison about his prior publications or testimony; he has none.  See Abel v. City of Algona, No. 07-956, 2008 WL 3545048, at *2 (W.D. Wash. Aug. 8, 2008) (finding no error when expert who had not authored publications failed to list publications).

The lack of basis and reasons for Mr. Mathison's opinions, however, is more problematic.  The opinions at issue state the following:

> Gerber Engineering breached the standard of care in failing to re-specify wire types from #12AWG to twisted shielded pair once notified that the transducer had been changed to 4-20 mA.
>
> Evergreen Electric breached the standard of case [sic] in failing to use twisted shielded pair to connect the level transducers (4-20 mA signals) to analog transducers.

Shilpa Decl. Ex 2 at 7.  To satisfy Fed. R. Civ. P. 26(a)(2)(B) the report must provide "the basis and reasons" for the opinions.  Mr. Mathison's opinions are clearly insufficient.  The opinions "offer little or no explanation of the basis of the opinions or

the methodology by which they were reached." Cohlmia v. Ardent Health Services, LLC, 254 F.R.D. 426, 430 (N.D. Okla. 2008).

Although Mr. Mathison's conclusory opinions fail to fully comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B), the Court declines to impose the harsh sanction of exclusion.  There is no need to formally exclude the report from consideration on Evergreen's summary judgment motion; Holaday-Parks does not rely on it to defeat the motion.  Moreover, Mr. Mathison was deposed for approximately seven hours – ample time to elicit the reasoning behind his opinions.  Accordingly, Evergreen is unlikely to be prejudiced at trial by the need to guess at the basis for Mr. Mathison's opinion, or by Holaday-Parks "sandbag[ging]" Evergreen "with claims and issues which should have been included in the expert witness' initial report." Smith v. Ardew Wood Products, Ltd., C07-5641, 2009 WL 799679, at *2 (W.D. Wash., Mar. 24, 2009).  The failure to fully comply with Fed. R. Civ. P. 26(a)(2)(B) is therefore harmless, and Evergreen's motion to exclude is denied.

*2. Jon Mathison's Supplemental Report*

Jon Mathison's supplemental report incorporates deposition testimony of Gary Gerber taken on August 5, 2011.  Because the supplemental report was submitted on September 15, 2011, after the expert disclosure deadline of June 29, 2011, Evergreen moves to exclude the supplemental report as untimely.

Fed. R. Civ. P. 37(c) provides for the exclusion of late expert reports unless the delay was harmless or substantially justified.  It is within the district court's discretion

to issue sanctions under the rule.  See <u>Jarritos, Inc. v. Ramos</u>, 345 Fed. Appx. 215, 217 (9th Cir. 2009) (upholding exclusion of expert report submitted after deadline).

Holaday-Parks argues that Mr. Mathison's supplemental report is both substantially justified because it responds to a deposition taken after the expert disclosure deadline, and harmless because, since the supplemental report does not represent a change in Mr. Mathison's opinions, only a deepening of the basis for them based on Mr. Gerber's deposition, it should cause no delay in the case schedule.  In this case Mr. Mathison was deposed on September 16, 2011, for approximately seven hours, after the supplemental report had been disclosed.  Any delay in the initial disclosure of the supplemental report was therefore harmless.

### III.   CONCLUSION

(1) The Court hereby GRANTS in PART and DENIES in PART Evergreen's Motion for Summary Judgment, docket no. 71:

    **a.** Evergreen's motion to dismiss Holaday-Parks' Breach of Contract Claim, Breach of Warranty Claim, and Indemnity Claim is DENIED; and

    **b.** Evergreen's motion to dismiss Holaday-Parks' Negligence Claim and Contribution Claim is GRANTED.  Holaday-Parks' Negligence Claim and Contribution Claim against Evergreen are DISMISSED.

(2) The Court hereby GRANTS Holaday-Parks' motion that the Court disregard new issues raised by Evergreen for the first time in its Reply, docket no. 85.

(3) The Court hereby DENIES Holaday-Parks' Motion for Summary Judgment against Evergreen, docket no. 92.

(4) The Court hereby DENIES Evergreen's Motion to Exclude Holaday-Parks' Expert Report and "Supplemental" Expert Report, docket no. 74.

IT IS SO ORDERED.

DATED this 17th day of November, 2011.

                                                                                             */s/ Thomas S. Zilly*

                                                                                             Thomas S. Zilly
                                                                                             United States District Judge