UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AT&T MOBILITY LLC, a Delaware limited liability corporation,

    Plaintiff,

v.

HOLADAY-PARKS FABRICATORS, INC., a Washington Corporation,

    Defendant,

v.

EVERGREEN POWER SYSTEMS, INC., a Washington Corporation; SOURCE NORTH AMERICA CORPORATION, an Illinois corporation d/b/a Ace Tank & Fueling Equipment, a Division of Source North America Corporation; and PHILLIPS PUMP LLC, a Connecticut domestic limited liability company,

    Third-Party Defendants.

C10-468Z

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Court sets oral argument on Source North America's Motion for Summary Judgment, docket no. 78, for Thursday, December 8, 2011, at 10:30. The parties should be prepared to focus argument on the following:

    (a) Can the Court decide as a matter of law whether or not all or part of the relationship between the parties is governed by Article 2 of the UCC? What are the legal consequences of a decision by the Court that the relationship between the parties is subject to the provision and

MINUTE ORDER - 1

limitations of Article 2 of the UCC? If the UCC applies to the entire relationship between the parties, should the Court grant the Motion for Summary Judgment?

    (b) Can the Court rule as a matter of law that the alleged "other services" described in Holaday-Parks' Opposition, docket no. 94 at 4-5, are outside the work called for in the Purchase Order (Shafter Decl., docket no. 79, Exhibits 11 and 12). In light of Mr. Giri's admissions in the record, can the Court conclude as a matter of law that Source North America's motion should be granted as to the "other services"?

    (c) Can the Court rule as a matter of law that the warranty limitations in the Purchase Order apply to the "goods" and "commissioning services"?

    (d) Assuming the UCC applies, can the Court rule as a matter of law that the warranty provisions and limitation of remedies in the Purchase Order(s) do not fail of their essential purpose under RCW 62A.2-719(2)?

(2) Source North America's Motion to Strike Surreply, docket no. 108, is GRANTED.

(3) Each party may file an additional brief, not exceeding 10 pages, addressing what warranty, limitations or disclaimers apply in the event the Court concludes that either (1) the entire relationship between Holaday-Parks and Source North America Corp. is governed by the UCC, or (2) only the first two categories (i.e., "goods" and "commissioning services" under the Purchase Order) are governed by the UCC. Any additional brief must be filed by December 2, 2011.

(4) Holaday-Parks' Motion for Choice of Law, docket no. 90, is GRANTED. The construction contract at issue provides in part that "[t]he laws of the State of Geogia shall govern the validity, construction, interpretation, and performance of this agreement." Construction Agreement Article 30 (docket no. 1-2). AT&T points to no case where a court has applied one state's law to a breach of contract claim, but another state's law to the affirmative defense of the claim. Accordingly, the Court will apply Georgia law both to AT&T's breach of contract claims and to Holaday-Parks' affirmative defenses to these claims.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 18th day of November, 2011.

                                                      WILLIAM M. McCOOL, Clerk

                                                      s/ Claudia Hawney
                                     By _____
                                          Claudia Hawney
                                          Deputy Clerk

MINUTE ORDER - 2