THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AT&T MOBILITY LLC, a Delaware limited
liability corporation

               Plaintiff,

    v.

HOLADAY-PARKS-FABRICATORS, INC.,
a Washington corporation,

               Defendant,

    v.

EVERGREEN POWER SYSTEMS, INC., a
Washington corporation; SOURCE NORTH
AMERICA CORPORATION, an Illinois
corporation d/b/a Ace Tank & Fueling
Equipment, a Division of Source North
America Corporation; and PHILLIPS PUMP,
LLC, a Connecticut domestic limited liability
company

           Third-Party Defendants.

No. 2:10-cv-00468-TSZ

**JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS**

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - i
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

# TABLE OF CONTENTS

2

3

4

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Claims and Defenses | 9th Circ 1.2 | 1 | AT&T Mobility |
| 2 | Prior Rulings by the Court | Dkt 118 | 4 | AT&T Mobility |
| 3 | Ambiguous Contract Language | Dkt 118; OCG 13-2-3 | 6 | AT&T Mobility |
| 4 | Contract Defines Rights and Duties | *Sheppard v. Sheppard*, 229 Ga. App. 494 (1997); *Worth v. Orkin Exterminating, Inc.*, 142 Ga. App. 59 (1977) | 8 | AT&T Mobility |
| 5 | Causation for Breach of Contract | OCG 13-6-2 | 9 | AT&T Mobility |
| 6 | Causation for Breach of Contract Duty to Indemnify | *Lawyers Title Inc. Corp. v. New Freedom Mortg. Corp.*, 285 Ga. App. 22 (2007) | 10 | AT&T Mobility |
| 7 | Damages for Breach of Contract | *Broadcast Concepts, Inc. v. Optimus Financial Services, LLC*, 274 Ga. App. 633 (2005) | 12 | AT&T Mobility |
| A-1 | Claims and Defenses | 9th Circ 1.2 | 13 | Holaday-Parks |
| A-2 | Summary of Claims | | 15 | Holaday-Parks |
| A-3 | Proximate Cause | GPJI 60.200 | 18 | Holaday-Parks |
| A-4 | Negligence | OCG 51-1-2; GPJI 60.010 | 19 | Holaday-Parks |
| A-5 | Causation | *JNJ Foundation Specialists, Inc. v. D.R. Horton, Inc.*, 311 Ga. App. 269, 270 (2011) | 20 | Holaday-Parks |
| A-6 | Negligence | GPJI 60.060; *Southern Ry. Co. v. Brunswick Pulp & Paper Co.*, 376 F. Supp. 96 (5th Cir. 1974) | 23 | Holaday-Parks |
| A-7 | Assumption of Risk | GPJI 60.130; *Southern Ry. Co. v. Brunswick Pulp & Paper Co.*, 376 F. Supp. 96 (5th Cir. 1974) | 26 | Holaday-Parks |
| A-8 | Equal Negligence; No Recovery | GPJI 60.140; *Southern Ry. Co. v. Brunswick Pulp & Paper Co.*, 376 F. Supp. 96 (5th Cir. 1974) | 28 | Holaday-Parks |
| A-9 | Intervening Cause | *Whitaker v. Jones, McDougald, Smith Pew Co.*, 26 S.E.2d 545 | 30 | Holaday-Parks |

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - ii
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | | | | |
|---|---|---|---|---|
| | | (1946); GPJI 60.202; *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) | | |
| A-10 | Last Clear Chance | *Hunter v. Batton,* 160 Ga. App. 243, 246 (1961); GPJI 60.210; *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) | 32 | Holaday-Parks |
| A-11 | Failure to Warn; Causation | *Shuman v. Mashburn,* 137 Ga. App. 231 (1976). ); *R & R Insulation Services, Inc. v. Royal Indem. Co.,* 307 Ga.App. 419 (2010); *Powell v. Harsco Corp.,* 209 Ga. App. 348 (1993) | 34 | Holaday-Parks |
| A-12 | Completion and Acceptance | *Smith v. Dabbs-Williams Gen. Contractors, LLC,* 287 Ga. App. 646 (2007) | 36 | Holaday-Parks |
| A-13 | Damages – Duty to Lessen Damages | GPJI 18.070 | 38 | Holaday-Parks |
| A-14 | Contract Defined and Breach of Contract | WPI 301.01, 301.02; Restatement (Second) of Contracts 235(b) and comments | 40 | Holaday-Parks |
| A-15 | Indemnity | Holaday-Parks-Evergreen subcontract; *Snohomish County Public Transportation Benefit Area Corp. v. Firstgroup America, Inc.,* --- P.3d ----, 2012 WL 581260 (2012*); Jones v. Strom Constr. Co., Inc.,* 84 Wn.2d 518 (1974); *Simons v. Tri-State Const. Co.,* 33 Wn. App. 315 (1982); | 41 | Holaday-Parks |
| A-16 | Breach of Contact | Holaday-Parks-Evergreen subcontract; *Jones v. Strom Constr. Co., Inc.* 84 Wn.2d 518 (1974); *Simons v. Tri-State Const. Co.,* 33 Wn. App. 315 (1982); | 43 | Holaday-Parks |
| A-17 | Duty to Defend | Holaday-Parks-Evergreen subcontract; *Jones v. Strom Constr. Co., Inc.* 84 Wn.2d 518 | 46 | Holaday-Parks |

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - iii
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | | | | |
|---|---|---|---|---|
| | | (1974); *Simons v. Tri-State Const. Co.,* 33 Wn. App. 315 (1982); | | |
| A-18 | Indemnity Allocation | Holaday-Parks-Evergreen subcontract | 49 | Holaday-Parks |
| A-19 | Express Warranty by Promise | RCW 62A.2-701; RCW 62A.2-714; RCW 62A.2-313. *S.M. Wilson & Co. v. Smith Intern., Inc.,* 587 F.2d 1363 (9th Cir. 1978) | 51 | Holaday-Parks |
| A-20 | Breach of Contract – Latent Defects | *Gilpatrick v. Downey,* 143 Wash. 671 (1927); UCC Comment 2. | 53 | Holaday-Parks |
| A-21 | Measure of Damages | RCW 62A.2-715 | 55 | Holaday-Parks |
| A-22 | Remedies for Breach of Collateral Promises Not Impaired – UCC | RCW 62A.2-701, Washington Comment; UCC Official Comment; *Stephenson v. Frazier,* 399 N.E.2d 794 (Ind. Ct. App. 1980); *Baxter Diagnostics, Inc. v. Novatek Medical, Inc.,* 1998 WL 665138 (S.D.N.Y. 1998) | 57 | Holaday-Parks |
| A-23 | Standard of Care for Stamped Drawings – Electrician | WAC 196-27A-020(2)(c)-(d) | 59 | Holaday-Parks |
| A-24 | Avoidance of Consequences | *Georgia Pattern Jury Instruction 60.120; O.C.G.A. §51-11-7;* Southern Ry. Co. v. Brunswick Pulp & Paper Co., 376 F.Supp. 96 (5th Cir. 1974). | 61 | Holaday-Parks |
| B-1 | Description of Holaday-Parks' Warranty Claim | | 63 | Source North America |
| B-2 | Express Warranty Defined | RCW 62A.2-313 | 65 | Source North America |
| B-3 | Creation of Express Warranty | *Casper v. E.I. DuPont De Nemours and Co.,* 806 F. Supp. 903 at 909  (E.D. Wash. 1992) | 66 | Source North America |
| B-4 | Breach of Warranty-Basic Measure of Damages | RCW 62A.2-714; *Lidstrand v. Silvercrest Industries,* 28 Wn. App. 359 (1981) | 67 | Source North America |
| B-5 | Breach of Warranties – Consequential Damages | *Lidstrand v. Silvercrest Industries,* 28 Wn. App. 359 (1981); RCW 62A.2-715(2)(b) and official comment 5 | 68 | Source North America |

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - iv
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| B-6 | Consequential Damages – Duty of Party Injured to Avoid Known Risks | RCW 62A.2-715 and official comment 5; *Hinderer v. Ryan*, 7 Wn. App. 434 (1972) | 69 | Source North America |
|---|---|---|---|---|
| C-1 | Issues – Breach of Contract | WPI 300.01.01 | 71 | Evergreen |
| C-2 | Burden of Proof on the Issues – Breach of Contract | WPI 300.03 | 73 | Evergreen |
| C-3 | Contract Defined | WPI 300.01 | 76 | Evergreen |
| C-4 | Mutual Assent | WPI 301.03; *Hansen v. Transworld Wireless TV-Spokane, Inc.*, 111 Wn.App. 361, 370, 44 P.3d 929 (2002); *Wetherbee v. Gary*, 62 Wn. 2d 123, 381 P.2d 237 (1963); *Barnes v. Treece*, 15 Wn. App. 437, 549 P.2d 1152 (1976) | 78 | Evergreen |
| C-5 | Contract Interpretation | WPI 301.05 | 80 | Evergreen |
| C-6 | Parol Evidence | WPI 301.06; *Lopez v. Reynoso*, 129 Wn. App. 165 (2005) | 82 | Evergreen |
| C-7 | Contract Modification | WPI 301.07 | 84 | Evergreen |
| C-8 | Construction Contract Standards of Performance | *Urban Development, Inc. v. Evergreen Building Products, LLC*, 114 Wn. App. 639, 646 (2002) | 85 | Evergreen |
| C-9 | Contract – Mitigation of Damages | WPI 303.06 | 87 | Evergreen |
| C-10 | Waiver | *Mike M. Johnson v. County of Spokane*, 150 Wn.2d 375 (2003) | 88 | Evergreen |
| C-11 | Interference with Contractual Performance | WPI 302.08 | 89 | Evergreen |
| C-12 | Spoliation | *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992). | 90 | Evergreen |
| C-13 | Causation – Breach of Contract | *Brotherton v. Kralman Steel Structures, Inc.*, 165 Wn. App. 727 (2011); WPI 15.01; WPI 15.04; WPI 15.05 | 92 | Evergreen |
| C-14 | Causation – Contractual Indemnity | *Scott Galvanizing, Inc. v. Northwest Enviroservices, Inc.*, | 94 | Evergreen |

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - v
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | | | | |
|---|---|---|---|---|
| | | 120 Wn.2d 573 (1993); *Brame v. St. Regis Paper Co.,* 97 Wn.2d 748 (1982); *Dirk v. Amerco Marketing Co. of Spokane,* 88 Wn.2d 607 (1977); *Northern Pac. R. Co. v. Sunnyside Valley Irrig. Dist.,* 85 Wn. 2d 920 (1975); *Jones v. Strom Constr. Co.,* 84 Wn.2d 518 (1974) | | |
| C-15 | Measure of Damages | WPI 303.01 | 96 | Evergreen |

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - vi
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 1

### All Claims

### (Claims and Defenses)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

On August 1, 2008, approximately 16,000 gallons of diesel fuel spilled from storage tanks owned by AT&T Mobility onto the surrounding property. The spill has been cleaned. The storage tanks were installed as part of a construction project called "Phase 6," in which AT&T expanded the capacity of its Data Center in Bothell, known as Bothell 9. The Data Center contains computer and other equipment to store and transmit mobile phone data and includes backup power systems in case the utility power suffers an outage. The plaintiff AT&T Mobility claims that Defendant Holaday-Parks Fabricators, Inc., the general contractor for Phase 6, breached its contract with AT&T Mobility to design and build the fuel storage system that was part of the Phase 6 contract. In particular, AT&T Mobility contends that Holaday-Parks failed to design and install the storage tanks and associated components correctly; failed to supervise its subcontractors; failed to provide written notice of a defect in the fuel system that was discovered; failed to follow safety procedures which allowed the spill to occur; and failed to indemnify AT&T Mobility for the liabilities, costs and expenses arising from the spill. In addition, AT&T Mobility alleges that defendant Holaday-Parks overbilled AT&T Mobility on the project and failed to perform repair work on another component as required by the contract.

Defendant Holaday-Parks denies plaintiff's claims.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 1
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Holaday-Parks in turn contends that if its decisions and actions in Phase 6 did

2  cause the hazardous fuel spill, it is entitled to recover what it owes to AT&T from its

3  electrical subcontractor for the project, Evergreen Power Systems, Inc. and from its

4  suppliers Source America and Phillips Pump, who each allegedly breached one or more

5  obligations to Holaday-Parks.

6    Holaday-Parks contends that Source North America sold an automatic fuel control

7  system manufactured by Phillips Pump.  It contends that Source North America and

8  Phillips breached express and implied warranties/warranty with regard to the system

9  Phillips manufactured, and which Source North America sold to Holaday-Parks.

10  Holaday-Parks has the burden of proving that Source North America gave any express or

11  implied warranties regarding the products manufactured by Phillips; that if it did give any

12  warranties, that the product failed to conform to the warranties given and that as a result

13  of any breach of express or implied warranty, the discharge occurred.

14    Source North America denies that it did give any warranty other than a pass

15  through of the warranty that Phillips provided for its product.  Source North America

16  further denies that the product as delivered breached any warranties.  Finally, Source

17  North America contends that it did not give any separate implied warranties of fitness or

18  merchantability, both of which warranties were excluded by Source's bid terms.

19    Phillips Pump designed and manufactured the controls that operated the tanks and

20  caused them to be automatically refilled when the fuel level was low.  Holaday-Parks

21  claims that Phillips Pump breached its contract and warranty to Holaday-Parks and was

22  negligent because Phillips' design and manufacture of the control system was defective

23  and caused the spill.  Phillips Pump has not responded to Holaday-Parks claims and is in

24  default, which means that legally, it is liable for damages it caused to Holaday-Parks.

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 2
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  Evergreen Power Systems signed a contract with Holaday-Parks to install certain

2  electrical components for Phase 6.  Holaday-Parks claims that Evergreen breached its

3  contract by failing to specify and install the correct type of wire to the control systems for

4  the storage tanks, which caused the fuel spill.  Evergreen denies the claims by Holaday-

5  Parks.

6  *Authority*:

7  Ninth Circuit Model Civil Jury Instructions, no. 1.2 (modified).

8  *Objections*:

9  *Holaday-Parks' Objections*:  This statement, drafted by AT&T, does not correctly or

10  completely recite HP's claims.  It contains numerous disputed facts.  It incorrectly states

11  HP's burden of proof against the third-party defendants.  It fails to recognize AT&T's

12  allegations from the Complaint that AT&T seeks to hold HP liable for work of the third-

13  party defendants.  It fails to make any reference to HP's affirmative defenses.  It fails to

14  take into consideration the negligence standards incorporated into the Construction

15  Agreement, the Evergreen subcontract, or as applicable to the services performed by Ace

16  Tanks under the UCC.  It refers to Phillips Pumps, who will not be at trial, and failing to

17  acknowledge that Ace Tanks itself provided the same warranties, for which HP seeks

18  recovery from Ace Tanks.  It makes reference to the overbilling and man-way warranty

19  claims, which should be determined by the Court (and which HP believes the Court

20  indicated would be decided after the jury trial).  HP HAS PROPOSED AN

21  ALTERNATIVE INSTRUCTION NUMBERED A-1.

22
23
24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 3
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 2**

**AT&T Mobility's Claims Against Holaday-Parks**

**(Prior Rulings by the Court)**

The Court has already made two rulings, as a matter of law, concerning AT&T Mobility's claims against Holaday-Parks. These rulings relate only to AT&T Mobility's claims against Holaday-Parks, and not to any of Holaday-Parks' claims against Evergreen Power Systems or Source North America.

1. The Court has ruled that Holaday-Parks breached Article 1 of its contract with AT&T Mobility by providing work on the fuel system for the Phase 6 project that was defective.

2. The Court has ruled that Holaday-Parks breached Article 13 of the General Conditions of its contract with AT&T Mobility by failing to provide written notice of a defect in the Phase 6 fuel system that was discovered on July 21, 2008.

   Whether these breaches of contract were a cause of any damage to AT&T Mobility is for you, the jury to determine.

_Authority_:

Court's Order of November 22, 2011 (Dkt 118)

AT&T Mobility comment: We ask that the Court give this as a preliminary instruction, as well as including it in the final instructions to the jury.

_Objections_:

_Holaday-Parks' Objections_:  Numbered paragraphs 1 and 2 are overbroad and overstate the scope of the Court's prior rulings.  Numbered paragraph 1 allows AT&T to argue beyond the court's limited ruling that the installation of the unshielded wire was a breach of the Construction Agreement.  AT&T's Complaint seeks to hold HP liable for the work

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 4
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

of Evergreen and Ace Tanks – this is not reflected in this proposed instruction.

Numbered paragraph 2 could suggest that no notice was given – a disputed fact.  Further,

this instruction fails to recognize the negligence standard incorporated into the

Construction Agreement. HP proposes the following alternative instruction, which

properly and neutrally applies the instruction to HP and to the third-party defendants:

> 1.  *The Court has ruled as a matter of law that the installation of unshielded*
>     *wire, rather than a shielded wire, to connect the Day Tank fuel level sensor to*
>     *the fuel control panel, was a breach of the main Construction Agreement.  The*
>     *Court has not ruled that this caused the fuel spill.  That is for you to decide.*
>
> 2.  *The Court has ruled that Holaday-Parks' failure to provide written notice*
>     *about the Day Tank 3 fuel level sensor problem on July 21, 2008 was a*
>     *breach of Article 13 of the General Conditions the contract.  The Court has*
>     *not ruled that this caused the fuel spill.  That is for you to decide*

HP would propose that this instruction not be given to the jury until all parties rest, so as

not to unduly influence the jury's consideration of all the evidence with an open mind

during the trial.  SEE ALSO HP PROPOSED JURY INSTRUCTION A-16, WHICH

APPLIES THE ALTERNATIVE INSTRUCTION TO EVERGREEN

*Evergreen Power Systems' Objections*: Evergreen proposes an explanatory statement to

accompany this instruction.  See Evergreen Trial Brief.  Proposal: "These factual

findings are the result of certain information that applies only to the claim between

AT&T and Holaday-Parks.  Therefore, neither of these findings should be considered as

either evidence or proof of any of the claims against third-party defendants Evergreen

and Source North America.  Holaday-Parks has the burden of proof on all claims against

the third-party defendants, including breach or defect."

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 5
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 3**

**AT&T Mobility's Claims Against Holaday-Parks**

**(Ambiguous Contract Language)**

The Court has ruled that certain language contained in the contract between AT&T Mobility and Holaday-Parks is ambiguous, and that you, the jury, must make a determination as to the meaning of this ambiguous contract language.

1.  AT&T Mobility has asserted a claim against Holaday-Parks that Holaday-Parks breached the contract by failing to supervise the work on the Phase 6 project.  The Court has determined that the term "supervise" in the contract is ambiguous because it is not clear what level of supervision was required.  That is for you to decide.

2.  [Placeholder re indemnity instruction – see AT&T Mobility comment below.]

In determining the meaning of ambiguous contract terms, you must attempt to ascertain the intent of the parties, as evidenced by their communications to each other.

*Authority*:

Court's Order of November 22, 2011 (Dkt 118); OCG § 13-2-3

AT&T Mobility comment: If the Court determines that it is unable to resolve ambiguities concerning the indemnity provisions of the contract, this instruction will need to be modified accordingly.

*Objections*:

*Holaday-Parks' Objections*:  As HP has briefed (Dkt 180) ambiguities within indemnification provisions must be decided by the Court.  HP would propose the following alternative instruction:

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 6
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4

*The Construction Agreement between AT&T and Holaday-Parks required Holaday-Parks, as general contractor, to supervise the Phase 6 project.   You must determine, based on the evidence, what level of supervision the parties intended when using this term in the Construction Agreement.*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 7
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 4

### AT&T Mobility's Claims Against Holaday-Parks

### (Contract Defines Rights and Duties)

Parties may contract with one another on whatever terms they wish, and the written contract defines the full extent of their rights and duties.

*Authority:*

*Sheppard v. Sheppard,* 229 Ga. App. 494 (1997); *Worth v. Orkin Exterminating Co., Inc.,* 142 Ga. App. 59 (1977)

*Objections:*

*Holaday-Parks' Objections:*   Contract construction is decided by the Court, not the jury. The instruction is, in this respect, unnecessary.  It is also an incomplete statement of all the applicable rules of contract construction under Georgia Law.

*Source North America's Objections*: No objection. However,  this instruction should apply to all three contracts at issue as it is an accurate statement of Washington law.

*Evergreen Power Systems' Comment:  No opposition to Source North America's suggestion.*

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 8
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 5

### AT&T Mobility's Claims Against Holaday-Parks

### (Causation for Breach of Contract)

AT&T Mobility has asserted breach of contract claims against Holaday-Parks. The general rule is that damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach.

*Authority*:

OCG § 13-6-2

*Objections*:

*Holaday-Parks' Objections*: As Holaday-Parks has previously briefed (Dkt 184), AT&T and Holaday-Parks had reached an agreement on the "damages contemplated by the parties" issue and the Court should enforce it. Further, Holaday-Parks believes the issue of damages should be decided by the Court, rather than the jury. This is one issue that would take an enormous amount of trial time. Further, AT&T now seeks to call new witnesses at trial who were never before identified by AT&T, to establish its damages. It makes sense, all around, to bifurcate this issue. Further, this instruction fails to recognize the negligence standard incorporated into the Construction Agreement.

*Source North America's Objections*: RCW 62A.2-715(2)(b) and Official Comment 5 specifically address this issue. As such, SNA asks that this instruction be preceded with a statement to the effect that it only applies to the ATT claims vs. HP.

*Evergreen Power Systems' Objections*: Evergreen proposes adding language related to the other claims: "Different instructions on causation apply to Holaday-Parks' claims against Evergreen and against Source North America."

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 9
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 6

### AT&T Mobility's Claims Against Holaday-Parks

### (Causation for Breach of Contract Duty to Indemnify)

AT&T has asserted a claim against Holaday-Parks that Holaday-Parks breached a contract duty to indemnify AT&T Mobility.

Where the claim of breach of contract is breach of a duty to indemnify, and the contract provides that the obligation to indemnify "arises out of" some act or omission, the term "arises out of" includes almost any causal connection or relationship. If AT&T Mobility's claim or loss is even partly attributable to an act or omission by Holaday-Parks, then the obligation to indemnify would arise.

*Authority:*

*Lawyers Title Ins. Corp. v. New Freedom Mortg. Corp.,* 285 Ga. App. 22 (2007).

AT&T Mobility comment: This instruction is necessarily preliminary as the Court has not yet ruled on the interpretation of the indemnity language in the contract between AT&T Mobility and Holaday-Parks.

*Objections:*

*Holaday-Parks' Objections:*  The indemnity issue is the subject of extensive briefing and the hearing scheduled for Friday, April 13, 2012.  HP HAS PROPOSED A GENERAL PURPOSE CAUSATION INSTRUCTION DEFINING THE TERM "ARISING FROM" IN HP'S PROPOSED INSTRUCTION A-5.  This instruction fails to recognize other indemnification provisions -- Article 4, paragraph (O)5 and Article 19 -- which for the reasons previously briefed are inconsistent with and therefore supersede Article 4, paragraph (O)1.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 10
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*Evergreen Power Systems' Objections:* Evergreen proposes adding language related to the other claims:  "Different instructions on indemnity and causation apply to Holaday-Parks' claims against Evergreen and against Source North America."

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 11
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## AT&T MOBILITY'S PROPOSED INSTRUCTION NO. 7

### AT&T Mobility's Claims Against Holaday-Parks

### (Damages for Breach of Contract)

The measure of damages in the case of a breach of contract is the amount that will compensate the injured party for the loss which performance of the contract would have prevented.  In other words, the injured party, is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed.

*Authority:*

*Broadcast Concepts, Inc. v. Optimus Financial Services, LLC,* 274 Ga. App. 633 (2005)

*Objections:*

*Holaday-Parks' Objections:*  Holaday-Parks believes the issue of damages should be decided by the Court, rather than the jury.  This is one issue that would take an enormous amount of trial time.  Further, AT&T now seeks to call new witnesses at trial who were never before identified by AT&T, to establish its damages.  It makes sense, all around, to bifurcate this issue.  Further, this instruction fails to recognize the negligence standard incorporated into the Construction Agreement.

*Source North America's Objections*: Once again, RCW 62A.2-714 and 2-715 address the issue of damages applicable in HP's claims vs. SNA.  SNA requests a limiting instruction that the measure of damages only applies to the ATT claim vs. HP to eliminate jury confusion.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

### HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-1

#### Summary of Claims

#### (Claims and Defenses)

4

5

To help you follow the evidence, I will give you a brief summary of the positions

of the parties:

6

7

8

9

10

11

12

13

On August 1, 2008, approximately 16,000 gallons of diesel fuel spilled from an

above-ground storage tank at AT&T Mobility's Data Center in Bothell.  The storage tank

was installed as part of a construction project called "Phase 6" wherein AT&T expanded

the capacity of the Data Center.  The Data Center contains computer and other equipment

to store and transmit mobile phone data, and includes backup power systems in the event

of a utility power outage.  The fuel system supplies diesel fuel to power the backup

generators when they are needed.

14

15

16

17

18

19

AT&T Mobility claims the Phase 6 fuel control system installed and the work

performed by general contractor Holaday-Parks and its subcontractors and suppliers

caused the spill and was a breach of the Construction Agreement.  AT&T seeks to hold

Holaday-Parks responsible for the fuel spill clean-up costs.  AT&T also seeks

reimbursement of its attorneys' fees and costs from Holaday-Parks.

20

21

22

23

24

Holaday-Parks claims that AT&T itself caused the spill and denies AT&T's

claim.  Holaday-Parks further claims that under its subcontract with electrical subcontract

Evergreen Power Systems, Evergreen is liable to Holaday-Parks for any amount owed to

AT&T.  Holaday-Parks further claims that under the Evergreen subcontract, Evergreen is

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 13
No. 2:10-cv-00468-TSZ

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

liable to Holaday-Parks for its attorneys' fees and costs in this lawsuit.  Evergreen claims

its work on the Phase 6 project had nothing to do with the fuel spill and it denies

Holaday-Parks' claims.

Holaday-Parks contracted Ace Tanks to supply the fuel system and provide

certain services.  Holaday-Parks claims that under its contract with Ace Tanks, Ace

Tanks is liable to Holaday-Parks for any amount owed to AT&T, plus Holaday-Parks'

attorneys' fees and costs in this lawsuit.  Ace Tank denies these claims, claiming that

none of the warranties were breached, and that others caused the fuel spill.

*Authority*:

Ninth Circuit Model Civil Jury Instructions, No. 1.2 (modified).

*Objections*:

*AT&T Mobility's Objections*: This is an inaccurate summary of the claims.  For example,

it suggests that AT&T Mobility has made claims against subcontractors and suppliers

when AT&T Mobility has not done so.  AT&T Mobility, Evergreen and Source North

America propose an alternative summary of claims instruction.  *See* AT&T

MOBILITY'S PROP. INST. NO. 1.

*Evergreen Power Systems' Objections*: The statement is not accurate; *e.g.,* it does not

accurately represent Evergreen's defenses to the claims.  The statement does not

accurately represent the law for interpreting and applying the indemnity language with

Evergreen and does not accurately represent HP's ability to recover attorneys fees.

Evergreen proposes AT&T Instruction no. 1 as an appropriate alternative.

*Source North America's Objections*: SNA joins in AT&T Mobility's Instruction No. 1.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 14
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

**HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-2**

**Summary of Claims**

3

AT&T Claims

4

[HP objects to AT&T's summary of claims above]

5

Holaday-Parks Claims against Evergreen

6

Holaday-Parks asserts the following against Evergreen Power Systems:

7

8

1.      Evergreen is bound by the terms of the subcontract it entered into with

9

Holaday-Parks.

10

2.      Under the terms of the subcontract, Evergreen is also bound by the terms

11

of the main Construction Agreement between AT&T and Holaday-Parks.

12

13

3.      Under the subcontract, Evergreen agreed to indemnify Holaday-Parks for

any and all claims, demands, losses and liabilities "arising from, resulting from or

14

connected with" the work performed by Evergreen on Phase 6.

15

16

4.      The fuel spill at AT&T's Bothell Facility "arose from, resulted from or is

17

connected with Phase 6 work performed by Evergreen and its electrical engineer Gary

18

Gerber.

19

5.      Under the subcontract, Evergreen must indemnify [reimburse] Holaday-

20

Parks for the amount, if any, Holaday-Parks is required to pay AT&T with respect to the

21

fuel-spill, and reimburse Holaday-Parks for its attorneys' fees and costs in this lawsuit.

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 15
No. 2:10-cv-00468-TSZ

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

<u>Holaday-Parks Claims against Ace Tanks</u>

Holaday-Parks is asserting the following claims against Ace Tanks:

1.     Ace Tanks entered into a contract to provide certain goods and services relating to the Phase 6 fuel system.

2.     Under the contract, Ace Tanks warranted that the goods and services it provided in connection with Phase 6 would be of a workmanlike quality and free from defects.

3.     To the extent the goods and services provided by Ace Tanks on the Phase 6 project breach one or more of the contract provisions, and such breach was a cause of the fuel spill, Ace Tank is liable to Holaday-Parks for the amount, if any, that Holaday-Parks is required to pay to AT&T with respect to the fuel-spill, and that Ace Tank must reimburse Holaday-Parks for .  This includes the attorneys' fees and costs  in this lawsuit.

The foregoing is merely a summary of the claims of the parties.  You are not to consider the summary as proof of the matters claimed; and you are to consider only those matters that are established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

*Authority*:

*Objections*:

*AT&T Mobility's Objections*: AT&T Mobility opposes this summary of claims because it is incomplete and inaccurate.  It does not even summarize AT&T Mobility's claims.  All

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 16
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    other parties support the summary of claims instruction submitted as AT&T MOBILITY

2    PROP. INST. NO. 1.

3    *Evergreen Power Systems' Objections*: This summary of claims is an inaccurate

4    statement of the factual allegations and the legal principles that apply to HP's claims

5    against Evergreen.  Evergreen proposes Evergreen Proposed Instruction C-1 as the

6    alternative.

7    *Source North America's Objections*: Subpart (i) is an attempt to reverse the court's

8    decision when it ruled (Docket #129) that this contract is governed by the Uniform

9    Commercial Code.  This is a transaction in goods.  Subpart (ii) assumes SNA gave a

10   warranty. Whether SNA warranted the product it sold or merely passed through the

11   manufacturer's warranty is a matter for the jury to decide.  Subpart (ii) assumes the proof

12   of that contention.  The instruction also misstates the measure of damages. It also

13   improperly includes the inclusion of HP's attorneys' fees, which claim is before the court

14   on the claim for equitable indemnity.

15        SNA PROPOSED ALTERNATIVE:  B-1

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 17
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-3

### AT&T Mobility's Claims Against Holaday-Parks

### (Proximate Cause)

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

*Authority*:

Georgia Suggested Pattern Jury Instructions 60.200[1]

*Objections*:

*AT&T Mobility's Objections*: This instruction sets forth a tort standard for causation. AT&T Mobility has pled only breach of contract claims.  The correct standard for causation on breach of contract, under Georgia law, is that set forth in OCG § 13-6-2. *See* AT&T MOBILITY'S PROP. INST. NO. 4.

*Evergreen Power Systems' Objections*: Because of similarity to instruction in the HP v. Evergreen claim, Evergreen requests that this instruction include a specific limitation to the claim referenced.

*Source North America's Objections:*  Source joins Evergreen's objection.  This instruction should be preceded with a caution that it only applies to the AT&T claims against Holaday Parks.

---

[1] Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred.  Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 18
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-4

## AT&T Mobility's Claims Against Holaday-Parks

### (Negligence)

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before AT&T can recover from Holaday-Parks in this case, AT&T must prove, by a preponderance of the evidence that the fuel spill was proximately caused by the negligence of Holaday-Parks or its subcontracts or suppliers.

*Authority*:

O.C.G.A. §51-1-2; Georgia Suggested Pattern Jury Instructions 60.010 (modified)[2]

*Objections*:

*AT&T Mobility's Objections*: The claims asserted by AT&T Mobility against Holaday-Parks sound in contract, not tort. The Pattern Instruction and statute relied upon by Holaday-Parks concern the standard for proving negligence. Negligence is not an element of breach of contract, and AT&T Mobility does not have to prove negligence to recover for breach of contract. Also, the Court has already found Holaday-Parks breached the contract and, as to those breaches, the issue is causation. This proposed instruction suggests negligence also has to be proven, and that is incorrect.

---

[2] Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 19
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

### HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-5

2

### All Claims

3

### (Causation)

4

  "Arising out of" means "any causal connection"; it does not mean a proximate

5 cause.  Almost any causal connection or relationship will do.

6 *Authority:*

7 *JNJ Foundation Specialists, Inc. v. D.R. Horton, Inc.*, 311 Ga. App. 269, 270, 717 S.E.2d

8 219 (2011) (quoting *BBL–McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494,

9 498, 646 S.E.2d 682 (2007) (internal citation and footnote omitted)).

10 *Objections:*

11 *AT&T Mobility's Objections*: This is not a correct statement of law as to all claims.  The

12 term "arising out of" is only interpreted, under Georgia law, to include almost any causal

13 connection or relationship with respect to language providing for a contractual indemnity.

14 *See* AT&T MOBILITY'S PROP. INST. NO. 5, and authority cited therein, as well as

15 Defendant's authority, cited above (discussing meaning of "arising out of" in indemnity

16 context).

17 *Evergreen Power Systems' Objections*: Washington law applies to the claim against Evergreen.

18 HP's claim for breach of contract against Evergreen requires proof of proximate causation—

19 the breach must cause the injury claimed.  *See Brotherton v. Kralman Steel Structures, Inc.*,

20 165 Wn. App. 727, 735 269 P.3d 307 (2011) ("A party injured by a breach of contract may

21 recover all damages that accrue naturally from the breach, including incidental or

22 consequential losses the breach caused."). EVERGREEN PROPOSES ALTERNATIVE

23 INSTRUCTION NO. C-13.

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 20
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

HP's claim for contractual indemnity also requires proof of factual causation. Consistent Washington authority for more than 40 years, interpreting contractual indemnity provisions that include the language "arising out of," has held that this language means that an act or omission of the defendant must be shown to cause the loss being claimed. *See, e.g., Scott Galvanizing, Inc. v. Northwest Enviroservices, Inc.,* 120 Wn.2d 573, 844 P.2d 428 (1993) (requiring that an overt act or omission of the subcontractor cause the loss before indemnity containing "arising out of" language is triggered); *Brame v. St. Regis Paper Co.,* 97 Wn.2d 748, 750-52, 649 P.2d 836 (1982) (subcontractor not required to indemnify general contractor for losses "arising out of" subcontractor work when subcontractor performed the work (driving concrete piles) that led to the loss, but *the work was in accord with project specifications and thus alone could not trigger indemnity*); *Dirk v. Amerco Marketing Co. of Spokane,* 88 Wn.2d 607, 611-13, 565 P.2d 90 (1977) ("simple causation in fact" insufficient to establish causation necessary to trigger contractual indemnity with "arising out of" language when the *indemnitor's actions were a "remote" connection to the loss as compared to the actions of the indemnitee*); *Northern Pac. R. Co. v. Sunnyside Valley Irrig. Dist.,* 85 Wn. 2d 920, 922-923, 540 P.2d 1387 (1975) (requiring that *indemnitor's work be defective in some way to trigger indemnity*); *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 521-22, 527 P.2d 1115 (1974) (subcontractor not required to indemnify general contractor when the third-party claimed its losses were solely the result of the general's actions and thus subcontractor could not cause injury and "arising out of language" not satisfied); *Tri-M Erectors, Inc., v. Donald M. Drake Co.,* 27 Wn. App. 529, 618 P.2d 1341 (1980) (application of indemnity provision required that *plaintiff prove that the indemnitor was at fault, or did not perform its construction work in accordance with the contract specifications*).   EVERGREEN PROPOSES ALTERNATIVE INSTRUCTION NOS. C-13, C-14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 21
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4

*Source North America's Objections*:  With respect to Holaday-Parks' warranty claim for consequential damages, the above definition is contrary to RCW 62A.2-715.  In particular, it is at odds with Official Comment 5, as set forth in Source's trial brief.  As such, this instruction should not be given with respect to Holaday Parks claims against Source.

5
6
7

SNA'S PROPOSED ALTERNATIVE INSTRUCTION.  B-4 through B-6.  (Authority: RCW 62A.2-715(2)(b) and *Lidstrand v. Silvercrest Industries* 28 Wash.App. 359, 623 P.2d 710 (1981)).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 22
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-6**

**Holaday-Parks' Affirmative Defenses To AT&T Mobility's Claims**

**(Negligence)**

Holaday-Parks alleges that AT&T was negligent in one or more ways, that the fuel spill would not have occurred with such negligence, and that such negligence prevents AT&T from recovering against Holaday-Parks.  It is not necessary for Holaday-Parks to prove that AT&T was negligent in every way that Holaday-Parks claims.   If you find that AT&T was in any way negligent, and that there is any causal connection between such negligence and the fuel spill – that is, that the fuel spill would not have occurred if AT&T had not been negligent in some way -- AT&T cannot recover from Holaday-Parks.

*Authority:*

Georgia Suggested Pattern Jury Instructions 60.060 (modified);[3] Southern Ry. Co. v. Brunswick Pulp & Paper Co., 376 F.Supp. 96, 105 (5th Cir. 1974)

*Objections:*

*AT&T Mobility's Objections*: (1) AT&T Mobility assumed no duty in its contract with Holaday-Parks that supports this instruction or legal theory.  *Georgia Power Co. v. Kalman Floor Co.,* 256 Ga. 534, 535 (1986).  This is a tort-based affirmative defense, and should not be permitted for all the reasons previously briefed to the Court.  If the Court rules, however, that Holaday-Parks may assert tort-based affirmative defenses,

---

[3] To prevail on its affirmative defense plaintiff must prove that defendant was negligent in one or more ways alleged in order to recover.  It is not necessary for plaintiff to prove that defendant was negligent in every way that plaintiff claims.   To the extent you find any negligence on the part of defendant, then you must find that defendant was negligent.  *General Seat, etc., Co. v. Bergen & Sons Inc.,* 91 Ga. App. 431-33 (1955).

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 23
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

AT&T Mobility PROPOSES THAT THE FOLLOWING LANGUAGE BE ADDED AT THE BEGINNING OF EACH INSTRUCTION SETTING FORTH A TORT-BASED AFFIRAMTIVE DEFENSE BY H-P:

> You must determine whether or not the contract between AT&T Mobility and Holaday-Parks imposed upon AT&T Mobility a duty of ordinary care to discover and avoid any of Holaday-Parks' breaches of contract, where possible, as a condition for recovery for a breach of contract.  If you find that AT&T Mobility had such a contract duty, then you may consider the remainder of this Instruction Number __.  If you do not find that AT&T Mobility had such a contract duty, then this Instruction Number __ does not apply to any claims or defenses in this case.

*Georgia Power,* 256 Ga. at 535.

(2) Even if tort-based affirmative defenses were permitted, Holaday-Parks has taken an affirmative negligence instruction – i.e., what a plaintiff must prove to recover for negligence – and turned it into an affirmative defense.  Alleged negligence may form the basis for certain affirmative defenses (i.e., comparative fault), but it is not an affirmative defense in itself.

(3) The case relied upon by Holaday-Parks - *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) – does not apply Georgia law.  It was decided before the courts of Georgia had spoken on the application of tort-based defenses to breach of contract, and the USDC frankly admitted that it was guessing as to how Georgia courts might decide the issue.  *Id.* at 103 ("Since there is no State law to follow, improvisation is inevitable.").  The law in *Georgia* is now settled: "Where a particular contractual duty is owed, the plaintiff's want of diligence does not affect the defendant's

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 24
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

contract duty." *Deloitte, Haskins & Sells v. Green,* 198 Ga. App. 849, 403 S.E.2d 818 (1991); *Georgia Power,* 256 Ga. at 535.  For further discussion of *Southern Ry., see* Dkt 109, pp. 13-14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 25
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-7**

**Holaday-Parks' Affirmative Defenses To AT&T Mobility's Claims**

**(Assumption of the Risk)**

When a person knowingly and voluntarily takes a risk of damage or injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care, that person cannot hold another liable for damages or injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

If you find that AT&T took such a risk, then AT&T cannot recover from Holaday-Parks.

*Authority:*

Georgia Suggested Pattern Jury Instructions 60.130 (modified);[4] Southern Ry. Co. v. Brunswick Pulp & Paper Co., 376 F.Supp. 96, 105 (5th Cir. 1974)

*Objections:*

*AT&T Mobility's Objections:* (1) AT&T Mobility assumed no duty in its contract with Holaday-Parks that supports this instruction or legal theory. *Georgia Power Co. v. Kalman Floor Co.,* 256 Ga. 534, 535 (1986). This is a tort-based affirmative defense, and should not be permitted for all the reasons previously briefed to the Court. *See also* AT&T MOBILITY'S PROPOSED ALTERNATIVE LANGUAGE in its objection to Holaday-Parks' Prop. Inst. A-6.

---

[4] When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care for one's own safety, that person cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 26
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(2) Even if tort-based affirmative defenses were permitted, assumption of risk only applies to risk of physical injury under Georgia law; in fact, Holaday-Parks has deleted the works "risk of <u>physical injury</u>" from the Pattern Instruction and substituted "risk of damage or injury."

(3) In addition, assumption of risk, under Georgia law, "does not extend to assuming the risk of the negligent act of another," which is exactly what Holaday-Parks wants to argue AT&T Mobility did.  *Little Rapids Corp. v. McCamy,* 218 Ga. App. 111, 113-14, 460 S.E.2d 800 (1995).

(4) The case relied upon by Holaday-Parks - *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) – does not apply Georgia law.  It was decided before the courts of Georgia had spoken on the application of tort-based defenses to breach of contract, and the USDC frankly admitted that it was guessing as to how Georgia courts might decide the issue.  *Id.* at 103 ("Since there is no State law to follow, improvisation is inevitable.").  The law in *Georgia* is now settled: "Where a particular contractual duty is owed, the plaintiff's want of diligence does not affect the defendant's contract duty."  *Deloitte, Haskins & Sells v. Green,* 198 Ga. App. 849, 403 S.E.2d 818 (1991); *Georgia Power,* 256 Ga. at 535.  For further discussion of *Southern Ry., see* Dkt 109, pp. 13-14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 27
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-8**

**Holaday-Parks' Affirmative Defenses To AT&T Mobility's Claims**

**(Equal Negligence; No Recovery)**

If you find that AT&T's negligence was equal to or greater than that of Holaday-Parks, and that such negligence was a cause of the fuel spill, then AT&T cannot recover from Holaday-Parks.

*Authority*:

Georgia Suggested Pattern Jury Instructions 60.140 (modified);[5] Southern Ry. Co. v. Brunswick Pulp & Paper Co., 376 F.Supp. 96, 105 (5th Cir. 1974)

*Objections*:

*AT&T Mobility's Objections*: (1) AT&T Mobility assumed no duty in its contract with Holaday-Parks that supports this instruction or legal theory. *Georgia Power Co. v. Kalman Floor Co.,* 256 Ga. 534, 535 (1986). This is a tort-based affirmative defense, and should not be permitted for all the reasons previously briefed to the Court. *See also* AT&T MOBILITY'S PROPOSED ALTERNATIVE LANGUAGE in its objection to Holaday-Parks' Prop. Inst. A-6.

(2) Even if tort-based affirmative defenses were permitted, Georgia law on contributory fault should not govern Holaday-Parks' affirmative defenses, because such defenses do not concern interpretation of the contract, and, thus, do not fall within the contractual choice of law provision.

---

[5] If you find that the defendant was negligent, that the plaintiff was also guilty of negligence that contributed to the plaintiff's injury and damages, and that plaintiff's negligence was equal to or greater than that of the defendant, then the plaintiff cannot recover. *O'Dowd v. Newnham,* 13 Ga. App. 220 (1913); *Jones v. Alred,* 43 Ga. App. 312 (1931)

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 28
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(3) In addition, Holaday-Parks has modified the instruction such that negligence on the part of AT&T Mobility is presumed, rather than requiring the jury to find such negligence. The pattern instruction is as follows: "If you find that the defendant was negligent, that the plaintiff was also guilty of negligence that contributed to the plaintiff's injury and damages, and that plaintiff's negligence was equal to or greater than that of the defendant, then the plaintiff cannot recover." If any instruction is given (and none should be), it should follow the pattern instruction.

(4) The case relied upon by Holaday-Parks - *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) – does not apply Georgia law. It was decided before the courts of Georgia had spoken on the application of tort-based defenses to breach of contract, and the USDC frankly admitted that it was guessing as to how Georgia courts might decide the issue. *Id.* at 103 ("Since there is no State law to follow, improvisation is inevitable."). The law in *Georgia* is now settled: "Where a particular contractual duty is owed, the plaintiff's want of diligence does not affect the defendant's contract duty." *Deloitte, Haskins & Sells v. Green,* 198 Ga. App. 849, 403 S.E.2d 818 (1991); *Georgia Power,* 256 Ga. at 535. For further discussion of *Southern Ry., see* Dkt 109, pp. 13-14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 29
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-9

### AT&T Mobility's Claims Against Holaday-Parks

### (Intervening Cause)

A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior cause and the injury a distinct, successive, unrelated efficient cause of the injury.  If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.

*Authority*:

*Whitaker v. Jones, McDougald, Smith Pew Co.*, 26 S.E.2d 545, 548 (1946); Georgia Suggested Pattern Jury Instructions 60.202 (modified);[6] Southern Ry. Co. v. Brunswick Pulp & Paper Co., 376 F.Supp. 96, 105 (5th Cir. 1974)

*Objections*:

*AT&T Mobility's Objections*: (1) AT&T Mobility assumed no duty in its contract with Holaday-Parks that supports this instruction or legal theory.  *Georgia Power Co. v. Kalman Floor Co.,* 256 Ga. 534, 535 (1986).  This is a tort-based affirmative defense, and should not be permitted for all the reasons previously briefed to the Court.  The

---

[6] A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover. *Stern v. Wyatt,* 140 Ga. App. 704, 705 (1976); *Stapleton v. Amerson,* 96 Ga. App. 471, 472 (1957).

JOIN STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 30
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

proper standard concerning causation for breach of contract is the foreseeability standard set forth in OCG § 13-6-2. *See* AT&T MOBILITY'S PROP. INST. NO. 4. *See also* AT&T MOBILITY'S PROPOSED ALTERNATIVE LANGUAGE in its objection to Holaday-Parks' Prop. Inst. A-6.

(2) Even if tort-based affirmative defenses were permitted, the proper standard for intervening cause is that set forth by the Georgia Court of Appeals in a 2011 case, as follows: "There can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act or omission of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury." *Textile Rubber and Chemical Co., Inc. v. Thermo-Flex Technologies, Inc.,* 308 Ga. App. 89, 98, 706 S.E.2d 728 (2011). If the Court determines that a specific instruction on intervening cause is required (which it should not), such instruction should use the quoted language from *Textile Rubber*.

(3) The case relied upon by Holaday-Parks - *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) -- does not apply Georgia law. It was decided before the courts of Georgia had spoken on the application of tort-based defenses to breach of contract, and the USDC frankly admitted that it was guessing as to how Georgia courts might decide the issue. *Id.* at 103 ("Since there is no State law to follow, improvisation is inevitable."). The law in *Georgia* is now settled: "Where a particular contractual duty is owed, the plaintiff's want of diligence does not affect the defendant's contract duty." *Deloitte, Haskins & Sells v. Green,* 198 Ga. App. 849, 403 S.E.2d 818 (1991); *Georgia Power,* 256 Ga. at 535. For further discussion of *Southern Ry., see* Dkt 109, pp. 13-14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 31
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-10

### Holaday-Parks' Affirmative Defenses To AT&T Mobility's Claims

### (Last Clear Chance)

If the party who has the last clear chance to avoid causing injury fails to use ordinary care to do so, this is considered the proximate cause of the injury.

*Authority*:

*Hunter v. Batton*, 160 Ga. App. 243, 246 (1961); Georgia Suggested Pattern Jury Instructions 60.210 (modified);[7] *Southern Ry. Co. v. Brunswick Pulp & Paper Co.*, 376 F.Supp. 96, 105 (5th Cir. 1974)

*Objections*:

*AT&T Mobility's Objections*: (1) AT&T Mobility assumed no duty in its contract with Holaday-Parks that supports this instruction or legal theory. *Georgia Power Co. v. Kalman Floor Co.*, 256 Ga. 534, 535 (1986). This is a tort-based affirmative defense, and should not be permitted for all the reasons previously briefed to the Court. *See also* AT&T MOBILITY'S PROPOSED ALTERNATIVE LANGUAGE in its objection to Holaday-Parks' Prop. Inst. A-6.

(2) Even if tort-based affirmative defenses were permitted, this instruction should not be given because Holaday-Parks is seeking to alter the doctrine. Holaday-Parks cuts out

---

[7] People are under an obligation to use ordinary care to avoid injuring others after finding them in a dangerous place, regardless of how they got there, and are liable for the failure to do so  This rule is known as the last clear chance doctrine. The last clear chance doctrine only applies when it is proved by a preponderance of the evidence that the plaintiff placed itself in danger because of its own negligence, the defendant actually knew of the plaintiff's danger, and the defendant had opportunity to take action to avoid the injury to the plaintiff by use of ordinary care under the conditions and circumstances that existed at that time but failed to do so. If you find such to be proved, then the failure of the defendant to use ordinary care under such circumstances to avoid the injury to the plaintiff would be considered the proximate cause of the plaintiff's injuries.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 32
No. 2:10-cv-00468-TSZ

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

most of the language contained in the Georgia Pattern Instruction on last clear chance, including that the doctrine "only applies when it is proved … the plaintiff placed itself in danger because of its own negligence, the defendant actually knew of the plaintiff's danger, and the defendant had opportunity to take action to avoid the injury to the plaintiff by use of ordinary care … but failed to do so." In other words, this doctrine concerns a defendant's failure to prevent injury to a plaintiff once the defendant knows that the plaintiff is in danger. That is not a circumstance that arose in this case. In addition, Holaday-Parks is attempting to eliminate the knowledge requirement from the doctrine (that a defendant must know of the plaintiff's danger). If any instruction is going to be given (and none should be), it should follow the pattern instruction, which is set forth in Holaday-Parks' footnote.

(3) The case relied upon by Holaday-Parks - *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) – does not apply Georgia law. It was decided before the courts of Georgia had spoken on the application of tort-based defenses to breach of contract, and the USDC frankly admitted that it was guessing as to how Georgia courts might decide the issue. *Id.* at 103 ("Since there is no State law to follow, improvisation is inevitable."). The law in *Georgia* is now settled: "Where a particular contractual duty is owed, the plaintiff's want of diligence does not affect the defendant's contract duty." *Deloitte, Haskins & Sells v. Green,* 198 Ga. App. 849, 403 S.E.2d 818 (1991); *Georgia Power,* 256 Ga. at 535. For further discussion of *Southern Ry., see* Dkt 109, pp. 13-14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 33
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-11**

**AT&T Mobility's Claims Against Holaday-Parks**

**(Failure to Warn; Causation)**

There is no legal duty to warn of an obvious or known risk or danger, or to stop another from committing an obviously dangerous act or assuming an obviously dangerous risk if the other is otherwise competent to realize and to appreciate the danger. Under such circumstances, there can be no recovery.

*Authority:*

*Shuman v. Mashburn*, 137 Ga. App. 231, 223 S.E.2d 268 (1976). ); A breach of a duty to warn, must also be the cause of the injury about which the plaintiff complains. *R & R Insulation Services, Inc. v. Royal Indem. Co.,* 307 Ga.App. 419, 427, 705 S.E.2d 223 (2010). A mere possibility of such causation is not enough. Id. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. Id. The failure to give a warning cannot be considered a cause of the plaintiff's damages if the plaintiff knew and understood the information. See *Powell v. Harsco Corp.,* 209 Ga. App. 348, 350, 433 S.E.2d 608 (1993) ("The alleged inadequacy of the installation instructions cannot be the proximate cause of the collapse of the catwalk and [decedent's] death when the installer did not read the installation directions that [defendant's] subsidiary actually provided.").

*Objections:*

*AT&T Mobility's Objections:* This instruction appears to be addressed to a claim concerning failure to warn. The authorities cited by Holaday-Parks concern premises liability and products liability. There are no such claims in this case, and certainly no

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 34
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   such claims by AT&T Mobility against Holaday-Parks, which is what Holaday-Parks

2   states this instruction is addressed to.  Giving an instruction on a claim that has not been

3   alleged would confuse and mislead the jury.

4   *Evergreen Power Systems' Objections*: No position, except to state that HP has not

5   asserted a failure to warn claim against Evergreen.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 35
No. 2:10-cv-00468-TSZ

Corr Cronin Michelson
Baumgardner & Preece LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-12

2

### Holaday-Parks' Affirmative Defenses To AT&T Mobility's Claims

3

### (Completion and Acceptance)

4        Where the work of a contractor is completed, turned over to, and accepted by the

5   owner, the contractor is not liable for damages or injuries subsequently suffered by

6   reason of the condition of the work, even though he was negligence in carrying out the

7   contract, if the defect is known to the owner.

8        If you find that the fuel spill occurred after Holaday-Parks' work was completed,

9   turned over to, and accepted by AT&T, and that AT&T knew of the defective condition

10  of the fuel control system, then AT&T cannot recover.

11  _Authority_:

12  _Smith v. Dabbs-Williams Gen. Contractors, LLC_, 287 Ga. App. 646, 647 (2007).

13  _Objections_:

14  _AT&T Mobility's Objections_: (1) The acceptance doctrine only applies "where the work

15  of an independent contractor is completed, turned over to, _and accepted by the owner._"

16  _Smith_, 287 Ga. App. at 647.  The Court has already found that the Phase 6 project had not

17  been accepted by AT&T Mobility at the time of the spill.  (Dkt 118, p. 4).

18  (2) In addition, the doctrine only applies to damages caused by defects "not hidden but

19  readily observable on reasonable inspection."  _Id._  The defect here – unshielded wire –

20  was not readily observable.

21  (3) In addition, the doctrine only applies to a contractor that "does not hold itself out as

22  an expert in the design of work such as that involved" and that "performs its work

23  without negligence."  _Hollis & Spann, Inc. v. Hopkins,_ 301 Ga. App. 29, 31, 686 S.E.2d

24  817 (2009).  Holaday-Parks was the design engineer for the Phase 6 project, and

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 36
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   Holaday-Parks itself has argued that the installation of unshielded wire was negligently

2   performed work.

3   *Evergreen Power Systems' Objections*: Evergreen notes that Holaday-Parks did not

4   include in the summary judgment record opinions from Evergreen expert Paul Way, who

5   disputes that the use of unshielded wire was "a defect" or "negligence."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 37
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-13

### Holaday-Parks' Affirmative Defenses To All Claims

### (Damages – Duty to Lessen Damages)

AT&T is bound to lessen its damages as far as is practicable by the use of ordinary care.

*Authority*:

Georgia Suggested Pattern Jury Instructions 18.070 (modified).[8]

*Objections*:

*AT&T Mobility's Objections*:  (1) Holaday-Parks has altered the Pattern Instruction to delete the words "When by a breach of contract one is injured, …."  The reason it has done this is to mislead the jury into thinking that a duty to mitigate arises before a party has been injured.  That is not the law.  No mitigation instruction is needed, since there is no evidence to support it.  If one is given, however, the full instruction, as set forth in the Pattern Instruction, should be given: "When by a breach of contract one is injured, one is bound to lessen the damages as far as is practicable by the use of ordinary care."

(2) Also, Holaday-Parks has sub-titled this instruction as concerning its affirmative defenses to "all claims," as opposed to "AT&T Mobility's claims," as its other instructions read.  No other party has pled claims against Holaday-Parks, however, so the sub-title should be changed to conform to the other instructions.

*Evergreen Power Systems' Objections*: This defense does not apply to the HP v. Evergreen claim in the sense that Evergreen has not asserted any affirmative claims, so that HP cannot claim an "affirmative defense."  To the extent that HP intends this

---

[8] When by a breach of contract one is injured, one is bound to lessen the damages as far as is practicable by the use of ordinary care.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 38
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   instruction to apply to Evergreen's affirmative defense against HP, it is not a correct

2   statement of Washington law, which applies to the third-party claim, as HP has already

3   admitted.  Once HP discovered that the fuel system could cause a spill without an alarm

4   occurring, it had the obligation to mitigate any damage that could be caused by the

5   dangerous condition.  HP did not inform Evergreen of the dangerous condition and thus

6   assumed (to the extent it did not already have) the obligation to respond to the defect and

7   preclude a spill without an alarm.  It did not do so (or, as it contends, it is AT&T's

8   mistake).  See Evergreen alternative proposed instruction no. C-9.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 39
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-14

### Holaday-Parks' Claims Against Evergreen and Source North America

### (Contract Defined and Breach of Contract)

A contract is a legally enforceable promise or set of promises. The failure to perform fully a contractual promise when it is due is a breach of contract.

*Authority*:

Washington Pattern Jury Instructions 301.01 and 302.01(modified);[9] Restatement (Second) of Contract, § 235(b) and comments.

*Objections*:

*Evergreen Power Systems' Objections*: The option second sentence in 301.01 should be used because the terms of the contract are in dispute. See Evergreen proposed instruction no. C-3. The second sentence in that alternative should be added to this instruction.

*Source North America's Objections*: This instruction is based on Washington Pattern Jury Instruction 302.01, which does not pertain to claims arising under the Uniform Commercial Code. This instruction is misleading as to Source North American because it connotes a claim other than the warranty claims at issue. In its order granting SNA's motion for summary judgment,[10] the court ruled that the transaction between SNA and Holaday Parks is a transaction in goods governed by the Uniform Commercial Code. SNA's only problem with this instruction is that it is not clearly limited to the claim against Evergreen.

Source North America does not propose an alternative instruction to the above.

---

[9] The failure to perform fully a contractual duty when it is due is a breach of contract.

[10] Docket #129 and Verbatim Transcript, Docket #183

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 40
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-15

#### Holaday-Parks' Claims Against Evergreen

#### (Indemnity)

Under the subcontract between Evergreen and Holaday-Parks, Evergreen promised to indemnify [reimburse] Holaday-Parks for all claims, demands, losses and liabilities arising from, resulting from or connected with the work performed by Evergreen on the Phase 6 Project.  The work of Evergreen includes the work of electrical engineer Gary Gerber.

The phrase "arising from, resulting from or connect with" does not  does not require proximate causation.  It requires only "but for" causation between the work performed and the resulting damage.

*Authority:*

Holaday-Parks –Evergreen Subcontract indemnity language:

*Subcontractor agrees to defend, indemnify, and hold Holaday-Parks, Inc. harmless from any and **all claims, demand, losses and liabilities to or by third parties arising from, resulting from or connected with work performed or to be performed under this Subcontract by Subcontractor's agents** or employees to the fullest extent permitted by law and subject to the limitations provided below.*

Holaday-Parks –Evergreen Subcontract contract language:

*The Subcontractor shall furnish all materials, labor,  tools, equipment and supplies necessary in order to fully perform the work and shall furnish and pay for all required layout, backing, testing, permits, **shop and working drawings**, scaffolding and planking, and hoisting often and materials required for work including, without limitation, **all work described in the applicable portions of the drawings and specifications or reasonably inferable** therefrom **or typically performed by the Subcontractor's trade**. Subcontractor to be bound by all laws, government regulations and orders and all provisions of the Main Contract and the Contractor between the Prime Contractor and the Contractor in any way applicable to this Subcontract, which*

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 41
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*provisions are hereby incorporated herein by reference and deemed annexed to this Subcontract.*

*Snohomish County Public Transportation Benefit Area Corp. v. Firstgroup America, Inc.*, --- P.3d ----, 2012 WL 581260 (2012); *Jones v. Strom Constr. Co., Inc.* 84 Wn.2d 518, 520-21, 527 P.2d 1115 (1974) (causation of loss is the touchstone of liability under a construction contract indemnity clause, rather than negligence, although negligence may be incidental to the cause); *Simons v. Tri-State Const. Co.*, 33 Wn. App. 315, 322, 655 P.2d 703 (1982); *Jones v. Strom Const. Co., Inc.*, 84 Wn.2d 518, 521-22, 527 P.2d 1115, 1118 (1974)).

*Objections*:

*Evergreen Power Systems' Objections*: Evergreen objects to this instruction because it is not a correct statement of the law.  Indeed, HP cites *Snohomish County Public Transp. Ben. Area Corp.* and *Jones,* both of which recognize that an indemnity clause that contains "arising out of" language requires that the indemnitee prove that the indemnitor (Evergreen) caused the loss before indemnity is triggered.  *Snohomish County Public Transportation Benefit Area Corp. v. FirstGroup Am., Inc.,* --Wn.2d--, 271 P.3d 850 (2012) (in case analyzing contract language purporting to indemnify indemnitee for its own negligence (which is against public policy in the construction context), Court recognized that an overt act causing the loss is required to trigger indemnity in clause with "arising out of" language); *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 521-22, 527 P.2d 1115 (1974) (applying arising out of language, *indemnity not triggered when subcontractor performed no overt act or omission that caused the loss,* other than performing its work without fault).  Evergreen proposes alternative instruction nos. C13-C14.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 42
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-16

### Holaday-Parks' Claims Against Evergreen

### (Breach of Contract)

The Court has determined as a matter of law that the installation of unshielded wire, rather than a shielded wire, to connect the Day Tank fuel level sensor to the fuel control panel, was a breach of the main Construction Agreement.  Under the Evergreen subcontract, Evergreen agreed to be bound by the main Construction Agreement between Holaday-Parks and AT&T.

The Court has not ruled on whether the installation of unshielded wire to connect the fuel level sensor to the fuel control panel caused the fuel spill.  That is for you to decide. If you find that Evergreen installed the unshielded wire, and that the spill would not have occurred if Evergreen had installed a shielded wire, you must find Evergreen liable to Holaday-Parks.

*Authority*:

Holaday-Parks –Evergreen Subcontract contract language:

*The Subcontractor shall furnish all materials, labor,  tools, equipment and supplies necessary in order to fully perform the work and shall furnish and pay for all required layout, backing, testing, permits, **shop and working drawings**, scaffolding and planking, and hoisting of men and materials required for work including, without limitation, **all work described in the applicable portions of the drawings and specifications or reasonably inferable** therefrom **or typically performed by the Subcontractor's trade**. Subcontractor to be bound by all laws, government regulations and orders and all provisions of the Main Contract and the Contractor between the Prime Contractor and the Contractor in any way applicable to this*

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 43
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Subcontract, which provisions are hereby incorporated herein by reference and deemed annexed to this Subcontract.*

*Subcontractor [Evergreen] to be bound by all laws, government regulations and orders and all provisions of the Main Contract and the Contract between the Prime Contractor and the Contractor in any way applicable to this Subcontract, which provisions are hereby incorporated herein by reference and deemed annexed to this Subcontract.*

*Jones v. Strom Constr. Co., Inc.* 84 Wn.2d 518, 520-21, 527 P .2d 1115 (1974) (causation of loss is the touchstone of liability under a construction contract indemnity clause, rather than negligence, although negligence may be incidental to the cause); *Simons v. Tri-State Const. Co.*, 33 Wn. App. 315, 322, 655 P.2d 703 (1982);

*Objections:*

*Evergreen Power Systems' Objections*: This is not a correct statement of the facts, of the Court's ruling, or of the law. While Holaday-Parks correctly cites to *Jones v. Strom,* it does not provide the correct definition of causation to trigger indemnity as held in *Jones.*

Second, the Court's ruling that use of unshielded wire is a "defect" is based on two factors: (1) HP presented evidence in the summary judgment record that use of the wire constituted a defect, but did not present the contradictory evidence that was in the record at the same time that the use of the unshielded wire was not a defect. [See Evergreen's Trial Brief]. Further, HP reads too much into the Court's ruling. The Court did not rule—and was not asked to rule—whether the wire installed by Evergreen, as opposed to wire installed by others in the line from the sensor to the analog module [see Evergreen Trial Brief], was proven to be a defect. That is, the factory (Phillips) installed unshielded wire in the control panel before Evergreen started its work. AT&T's expert claims that the unshielded wire installed inside the

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 44
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    panel collectively (but by different entities) caused the spill.  It is HP's burden of proof to

2    demonstrate that Evergreen, and not the factory wire breached the contract and caused the spill.

3    In the context of summary judgment by AT&T against HP, it does not matter if HP's breach to

4    AT&T was the result of the work of one subcontractor or many.  HP did not make that

5    distinction when defending against AT&T's argument.  (2) The Court found that HP admitted

6    that the wire was a defect [Dkt. 118 at 6-7] in its brief opposing Evergreen's summary

7    judgment, although the Court denied HP's motion for summary judgment against Evergreen on

8    the same issue of defect.  [Dkt. 115 at 8-9].  HP's admission cannot be the basis of a finding

9    against Evergreen.  The contract promises, scope of work, and resulting claims are different as

10   between the first-party and third-party claims.  For example, HP may breach its contract with

11   AT&T if any part of the fuel system was defective.  But Evergreen only breached its contract

12   with HP if its own work, and not some other subcontractor's work on the system caused the

13   spill,  HP cannot fall on its sword in summary judgment to AT&T, then use that confession as

14   an indisputable fact against Evergreen.  In addition, the Court applied Georgia law to the

15   AT&T claims, and Washington law applies to the claims against Evergreen.  See Evergreen's

16   alternative proposed instruction nos. C-3 to C-8.  The proposed alternative causation

17   instructions are C-13, C-14.

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 45
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-17

### Holaday-Parks' Claims Against Evergreen

### (Duty to Defend)

Under the Evergreen subcontract [between Evergreen and Holaday-Parks], Evergreen agreed to defend Holaday-Parks for all claims, demands, losses and liabilities arising from, resulting from or connected with the work performed by Evergreen on the Phase 6 Project.  The work performed by Evergreen includes the work performed by Evergreen's electrical engineer Gary Gerber.

If you find the fuel spill arose from, resulted from, or was connected with the work performed by Evergreen and/or Gary Gerber on the Phase 6 Project, you must find Evergreen liable to Holaday-Parks for Holaday-Parks reasonable attorney's fees, court costs and all other claims related expenses.

*Authority*:

Holaday-Parks – Evergreen Subcontract indemnity language:

> *Subcontractor's duty to defend, indemnify and hold Contractor harmless shall include, as to all claims, demand, losses and liability to which it applies, Contractor's personnel-related costs, reasonable attorney's fees, court costs and all other claims related expenses.*

*Jones v. Strom Constr. Co., Inc.* 84 Wn.2d 518, 520-21, 527 P .2d 1115 (1974) (causation of loss is the touchstone of liability under a construction contract indemnity clause, rather than negligence, although negligence may be incidental to the cause); *Simons v. Tri-State Const. Co.*, 33 Wn. App. 315, 322, 655 P.2d 703 (1982);

*Objections*:

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 46
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Evergreen Power Systems' Objections*: This is not a correct statement of the law.  Evergreen's duty to defend is determined by the facts known at the time the defense is tendered and cannot be determined based on what the jury is told now, at the time of trial.  *See Parks v. Western Washington Fair Ass'n,* 15 Wn. App. 852, 552 P. 2d 459 (1976).  The duty to defend arises only when the facts at the time of tender "demonstrate that liability would eventually fall upon the indemnitor." *Dixon v. Fiat-Roosevelt Motors, Inc.,* 8 Wn. App. 689, 693-94, 509 P.2d 86 (1973).  This proof involves causation, as with establishing indemnity. Insurance principles have been expressly rejected by the Washington Court of Appeals as a proper standard to apply to a contractual indemnity provision.  *George Sollitt Corp. v. Howard Chapman Plumbing & Heating, Inc.,* 67 Wn. App. 468, 472, 836 P.2d 851 (1992).  HP has already admitted that it was not aware of Gerber Engineering's participation in depicting use of unshielded wire on a block diagram for the fuel control system until May 23, 2011, long after HP had filed its third-party claims.  [Dkt. 63 at 2]. It still has not demonstrated that liability will eventually fall upon Evergreen.  None of these legal principles are included in HP's proposed instruction.

HP maintained multiple lines of insurance, and the insurers are providing a defense to HP in this action.  As part of its contractual obligations to HP, Evergreen obtained "Additional Insured" status for HP on its general liability policy, that is intended, in part, to provide funding for HP's defense costs.  To the extent that any defense is owed (and it is not), the insurance policy satisfies the obligation.[11]  There has been no breach.

HP is able to recover its attorneys fees for defending against AT&T's claims as an element of damages for its indemnity claim, and assuming it meets its evidentiary burden of proof.  *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC,* 139 Wn. App. 743, 162 P.3d 1153 (2007).  HP is not

---

[11] The insurer of the policy on which HP is an Additional Insured has accepted the obligation under a reservation of rights, but has not contributed to the defense.  HP has filed suit against the insurer in state court.  Evergreen did not guarantee that the insurer would allow all claims.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 47
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    entitled to recover its attorneys fees expended to establish a right of indemnity against Evergreen.

2    *Id., Jones v. Strom, supra; Tri-M Erectors, Inc., v. Donald M. Drake Co.*, 27 Wn. App. 529, 618

3    P.2d 1341 (1980) (refusing to award fees expended to establish right to indemnity).  For each of

4    these reasons, this proposed instruction should not be given to the jury.  Evergreen proposes

5    alternative instruction no. C-15 for the measure of damages.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 48
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-18**

**Holaday-Parks' Claims Against Evergreen**

**(Indemnity Allocation)**

If you find the fuel spill arose from, resulted from, or was connected with the work performed on the Phase 6 project by Evergreen or Gary Gerber, Evergreen's liability to Holaday-Parks may be reduced by comparing the negligence, if any, of Evergreen, to the negligence, if any, of Holaday-Parks.  In comparing negligence under this instruction, you should only consider such negligence that you find was a proximate cause of the fuel spill.

*Authority*:

Holaday-Parks – Evergreen Subcontract indemnity language:

> *Subcontractor's duty to indemnify Contractor for liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the* **concurrent negligence** *of (a) Contractor or Contractor's agents or employees and (b) Subcontractor or Subcontractor's agents or employees, shall apply only to the extent of negligence of Subcontractor or Subcontractor's agents or employees.*

*Objections*:

*Evergreen Power Systems' Objections*: This instruction is not a correct statement of the law.  *See, supra,* authority regarding proof of causation to establish contractual indemnity.  In addition, it introduces negligence concepts, which HP has not defined and which, as against Evergreen, have been dismissed.  Dkt. 115.  The references to negligence as limiting the scope of the indemnity clause are required by statute.  RCW 4.24.115; *Cambridge Townhomes, LLC v. Pacific Star Roofing, Inc.,* 166 Wn.2d 475,

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 49
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

487, 209 P.3d 863 (2009).  Washington public policy does not allow indemnity for losses caused solely by the indemnitee.

Evergreen agrees that the jury should allocate damages based on its causation findings.  *See Scott Galvanizing, Inc. v. Northwest Enviroservices, Inc.,* 120 Wn.2d 573, 844 P.2d 428 (1993) (allocating damages based on factual determination as to how much of the total loss was caused by the indemnitor).  Further, HP has already been found to have breached its contract with AT&T for an independent contractual obligation that it owed to AT&T (to provide written notice of defects [Dkt 118] and the damages caused by this breach (if any) are not the subject of the indemnity clause.  Evergreen's alternative proposals are contained at proposed instruction nos. C-13 to C-15 and in its proposed verdict form.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 50
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-19

### Holaday-Parks' Claims Against Source North America

### (Express Warranty by Promise)

Ace Tank gave Holaday-Parks a warranty that the goods and services it provided under the contract for the Phase 6 Project would be "free from defects of workmanship and material."

A defect in material is a defect in quality. A defect in workmanship is a defect in the way some part of the machine is constructed. A defect in the way equipment is installed is also a defect in workmanship.

If you find that the goods and services Source North America provided on the Phase 6 Project were not "free from defects of workmanship and material," and that such defects were a proximate cause of the fuel spill, you must find Source North America liable to Holaday-Parks.

*Authority:*

RCW 62A.2-701; RCW 62A.2-714; RCW 62A.2-313.[12]

*S.M. Wilson & Co. v. Smith Intern., Inc.*, 587 F.2d 1363, 1372 (9th Cir. 1978) (a defect in the way some parts of the goods were installed is also a defect in workmanship).

---

[12] (1) Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 51
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    *Objections*:

2    *Source North America's Objections*: This is not a statement of the law.  It is a contention.

3    SNA contends that it did not make a warranty separate from the manufacturer's warranty.

4    This is an issue of fact for the jury to decide.  SNA's proposed instruction charges the

5    jury with making this finding.  Since this instruction pre-supposes the express warranty, it

6    is biased and improper.

7          HP's reliance on *S.M. Smith v. Smith Intern., Inc.* is misplaced.  That case was

8    decided under California law.  The correct statement of the law is set forth in *Berschauer*

9    *Phillips Constr. Co. v. Concrete Sci. Services of Seattle*, LLC. 135 Wn.App. 1025 (2006

10   [Whether statements constitute an express warranty on which a buyer relies involves

11   questions of fact for a jury to resolve. A seller is not liable for the express warranties

12   made by a manufacturer unless the seller specifically adopts the statements] and *Touchet*

13   *Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.,* 119 Wn.2d 334, 347,

14   831 P.2d 724 (1992), cited in *Thongchoom v. Graco Children's Products, Inc.,* 116 Wash.

15   App. 1062 (2003) [Recovery for breach of an express warranty is contingent on a

16   plaintiff's knowledge of the representation].

17         PROPOSED ALTERNATIVE INSTRUCTIONS.  SNA's Proposed Instructions 2

18   and 3 correctly instruction the jury on the elements of express warranty.  (Authority:

19   RCW 62A.2-313)

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 52
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-20

### Holaday-Parks' Claims Against Source North America

### (Breach of Contact – Latent Defects)

A buyer's acceptance of goods and services bars recovery unless there are defects that are latent.  Latent defects are those that could not be discovered by a reasonable inspection at the time originally accepted.

*Authority*:

*Gilpatrick v. Downey*, 143 Wash. 671, 672, 255 P 1028 (1927) (buyer entitled to recover damages for breach of warranty where infestation of cedar poles could not have been discovered in reasonable inspection);  UCC Comment 2.

*Objections*:

*Source North America's Objections*: Once a buyer accepts goods, its rights are governed by RCW 62A.2-711 (Buyer's Remedies in General).  RCW 62A.2-714 sets the limits of recoverable damages.  The proffered instruction, by relying on a pre Code case, misstates the scope of buyer's remedy on accepted goods under the Uniform Commercial Code. Here, the claim is for warranty damages and consequential damages arising from the alleged breach of warranty. Source's proposed instruction 4 states the scope of damages to which HP will be entitled if it proves breach of warranty.  SNA Proposed Instruction 4 is based on RCW 62A.2-714. It accurately states the scope, and limitations on scope, of available damages.

SNA PROPOSED INSTRUCTION:  B-4 (Authority:  RCW 62A.2-714(2) and *Lidstrand v. Silvercrest Industries* 28 Wash.App. 359, 623 P.2d 710.  This instruction is to be given in conjunction with Source's proposed instruction numbers B-5 and B-6,

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 53
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   which state the scope and limitations on Holaday-Parks' right to be compensated for

2   consequential damages.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 54
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-21

### Holaday-Parks' Claims Against Source North America

### (Measure of Damages)

4

5

6

7

8

9

10

If you find that Ace Tank breached its contract by providing goods and services to Holaday-Parks that were not "free from defects of workmanship and material"; that such defects were "latent" defects, , and that such defects were a proximate cause of the fuelspill, Holaday-Parks is entitled to recover consequential damages from Ace Tanks.  In this case, consequential damages include the amounts, if any, that Holaday-Parks must pay to AT&T because of the fuel-spill.  Consequential damages also include the costs incurred by Holaday-Parks to defend against the claims asserted by AT&T.

11

12

_Authority_:

RCW 62A.2-715.[13]

13

14

15

16

17

18

_Objections_:

_Source North America's Objections_: As stated in Source's immediately preceding objection, this instruction misstates the law of damages for breach of warranty, particularly with respect to Holaday-Parks' right to recover consequential damages, which right is governed by RCW 62A.2-715(2)(b) and Official Comment 5 thereto. The basic measure of damages is contained in RCW 62A.20714.  The right to consequential

19

20

21

22

23

24

---

[13] (1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 55
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   damages are limited by RCW 62A.2-715(2)(b).  Moreover, consequential damages *do not*

2   include defense costs.  Those costs arise from Holaday-Parks' decision to contest this

3   suit, and not from any defective product SNA sold. This is little more than an attempt to

4   take a second bite at the equitable indemnity apple.

5         SNA'S ALTERNATIVE INSTRUCTIONS:  B-4 through B-6 (*Authority:*  RCW

6   62A.2-715(2)(b); Official Comment 5.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 56
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-22

### Holaday-Parks' Claims Against Source North America

### (Remedies for Breach of Collateral Promises Not Impaired – UCC)

4    Source North America contracted with Holaday-Parks to provide services incident

5   to the sale of the fuel system for Phase 6.  If you find that Source North America was

6   negligent in providing those services, and that such negligence was a proximate cause of

7   the fuel spill, you must find that Source North America breached its contract with

8   Holaday-Parks.   If you find that Source North America breached its contract with

9   Holaday-Parks, Source North America is liable to HP to the same extent that HP is liable

10   to AT&T.

11   *Authority*:

12   Where obligations created under a contract for sale of goods are sufficiently distinct from

13   the sale, UCC Article 2 applies common law remedies (negligence) as to that portion of

14   the contract.  RCW 62A.2-701, Washington Comment; UCC Official Comment.  *See*

15   *also*, *Stephenson v. Frazier*, 399 N.E.2d 794, 28 U.C.C. Rep. Serv. 12 (Ind. Ct. App.

16   1980); *Baxter Diagnostics, Inc. v. Novatek Medical, Inc*., No. 94 Civ. 5220 (AJP), 1998

17   WL 665138 *8 (S.D.N.Y. Sept. 25, 1998).

18

19   *Panorama Village Homeowners Ass'n v. Golden Rule Roofing, Inc.,* 102 Wn. App. 422,

20   427, 10 P.3d 417 (2000) (citing *Eastlake Constr. Co., Inc. v. Hess,* 102 Wn.2d 30, 46,

21   686 P.2d 465 (1984) (a party injured by a breach of contract may recover all damages

22   that accrue naturally from the breach, including any incidental or consequential losses the

23   breach caused)).

24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 57
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  *Floor Exp., Inc. v. Daly,* 138 Wn. App. 750, 754-55, 158 P.3d 619, 622 (2007)(where a

2  subcontractor breaches its agreement with the general contractor by failing to properly

3  perform the work called for in the agreement, the general contractor's legal exposure to

4  the owner is a consequential damage of the subcontractor's breach if that exposure is a

5  reasonably foreseeable consequence of the breach)

6  *Objections:*

7  *Source North America's Objections:* For the reasons more fully stated in its trial brief,

8  Source North America objects to this instruction for three reasons. First, it ignores the

9  Court's decision of December 8 when the court ruled on SNA's motion for summary

10 judgment (#129) that this was a transaction in goods governed by *Tacoma Athletic Club*

11 *v. Indoor Comfort, Systems, Inc.*, 79 Wn.App. 250 (1995).  Second, it relies on inapposite

12 decisions from other states. Third it relies on construction defect cases that have no

13 application here.

14        SNA'S ALTERNATIVE INSTRUCTIONS:  B-4 through B-6

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 58
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-23

### Holaday-Parks' Claims Against Evergreen

### (Standard of Care for Stamped Drawings – Electrician)

A design professional's stamp affirms that that individual possesses the training, experience and skills necessary to perform the scope of work encompassed in the document.  By stamping a document, the design profession affirmatively represents that the scope of work is within his or her "scope of competence."

*Authority*:

WAC 196-27A-020(2)(c)-(d). [14]

---

[14] (2) **Registrant's obligation to employer and clients.**

(a) Registrants are expected to strive with the skill, diligence and judgment exercised by the prudent practitioner, to achieve the goals and objectives agreed upon with their client or employer. They are also expected to promptly inform the client or employer of progress and changes in conditions that may affect the appropriateness or achievability of some or all of the goals and objectives of the client or employer.

(b) Registrants and their clients should have a clear and documented understanding and acceptance of the work to be performed by the registrant for the client. The registrant should maintain good records throughout the duration of the project to document progress, problems, changes in expectations, design modifications, agreements reached, dates and subject of conversations, dates of transmittals and other pertinent records consistent with prudent professional practice.

(c) Registrants shall seal only documents prepared by them or under their direct supervision as required by RCW 18.43.070.

(d) Registrants shall be competent in the technology and knowledgeable of the codes and regulations applicable to the services they perform.

(e) Registrants must be qualified by education or experience in the technical field of engineering or land surveying applicable to services performed.

(f) Registrants may accept primary contractual responsibility requiring education or experience outside of their own fields of competence, provided, their services are restricted to those parts and aspects of the project in which they are qualified. Other qualified registrants shall perform and stamp the work for other parts and aspects of the project.

(g) Registrants shall act as faithful agents or trustees in professional matters for each employer or client.

(h) Registrants shall advise their employers or clients in a timely manner when, as a result of their studies and their professional judgment, they believe a project will not be successful.

(i) Registrants shall avoid conflicts of interest, or the appearance of a conflict of interest, with their employers or clients. Registrants must promptly inform their employers or clients of any

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1     *Objections:*

2     *Evergreen Power Systems' Objections*: HP has not provided any authority that the

3     administrative regulations create a private cause of action or are even admissible in a

4     private cause of action. *See Burg v. Shannon & Wilson, Inc.,* 110 Wn. App. 798, 43 P.3d

5     526 (2002) (analogizing to ethical rules for lawyers and holding that the plaintiff did not

6     establish that RCW 18.43.110 and WAC 197-27-010, applying to engineers, created a

7     basis for a private case of action by plaintiff); WAC 196-27A-010 (stating that purpose of

8     rules of professional conduct for engineers (and cited by HP) is to provide further

9     guidance on conduct as it relates to Board's authority to revoke licenses or impose other

10     penalties); *see also Hizey v. Carpenter,* 119 Wn.2d 251, 265-66, 830 P.2d 646 (1992)

11     (holding that RPCs for attorneys do not create an independent cause of action).

12         This Court has already dismissed all negligence claims against Evergreen [Dkt.

13     115 at 6-7] and has held that HP is not entitled to pursue a negligence claim directly

14     against Gerber Engineering [Dkt 63]. HP's claims against Evergreen are based on

15     contract and its burden of proof is to show that Gerber's work in some way breached the

16     contract between HP and Evergreen. This proposed instruction is orthogonal to the

17     contract and instead is an attempt to resurrect the negligence claims that the Court has

18     already dismissed.

19         Evergreen requests that this instruction be struck and does not propose an

20     alternative.

21

---

22     business association, interest, or circumstances that could influence their judgment or the quality

23     of their services or would give the appearance that an existing business association, interest, or
circumstances could result in influencing their judgment or the quality of their services.

24       (j) Registrants shall accept compensation from only one party for services rendered on a
specific project, unless the circumstances are fully disclosed and agreed to by the parties of

25     interest.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 60
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## HOLADAY-PARKS' PROPOSED INSTRUCTION NO. A-24

### Holaday-Parks' Affirmative Defenses Against AT&T

### (Torts; Avoidance of Consequences)

If the plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the defendant's negligence, then the plaintiff is not entitled to recover. In other cases, the defendant is not relieved even though the plaintiff may have contributed to the injury sustained. The plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the defendant's negligence exists and the plaintiff knew or, in the exercise of ordinary care, should have known of such negligence.

*Authority:* Georgia Pattern Jury Instruction 60.120; O.C.G.A. §51-11-7; *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F.Supp. 96, 105 (5th Cir. 1974).

*AT&T Mobility Objections:* AT&T Mobility's Objections: (1) AT&T Mobility assumed no duty in its contract with Holaday-Parks that supports this instruction or legal theory. *Georgia Power Co. v. Kalman Floor Co.,* 256 Ga. 534, 535 (1986). This is a tort-based affirmative defense, and should not be permitted for all the reasons previously briefed to the Court. *See also* AT&T MOBILITY'S PROPOSED ALTERNATIVE LANGUAGE in its objection to Holaday-Parks' Prop. Inst. A-6.

(2) The case relied upon by Holaday-Parks - *Southern Ry. Co. v. Brunswick Pulp & Paper Co.,* 376 F. Supp. 96 (5th Cir. 1974) – does not apply Georgia law. It was decided before the courts of Georgia had spoken on the application of tort-based defenses to breach of contract, and the USDC frankly admitted that it was guessing as to how Georgia courts might decide the issue. *Id.* at 103 ("Since there is no State law to follow, improvisation is inevitable."). The law in *Georgia* is now settled: "Where a particular

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 61
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   contractual duty is owed, the plaintiff's want of diligence does not affect the defendant's

2   contract duty." *Deloitte, Haskins & Sells v. Green,* 198 Ga. App. 849, 403 S.E.2d 818

3   (1991); *Georgia Power,* 256 Ga. at 535.  For further discussion of *Southern Ry., see* Dkt

4   109, pp. 13-14.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 62
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## SNA'S PROPOSED INSTRUCTION NO. B-1

### Holaday-Parks' Claims Against Source North America

### (Description of Holaday-Parks' Warranty Claim)

Holaday-Parks is asserting the following claims against Ace Tanks:

1.      HP contends that Ace Tanks entered into a contract to provide certain goods and services relating to the Phase 6 fuel system.

2.      HP contends that under the contract, Ace Tanks warranted that the goods and services it provided in connection with Phase 6 would be of a workmanlike quality and free from defects.

3.      HP contends that to the extent the goods and services provided by Ace Tanks on the Phase 6 project breach one or more of these warranties, HP is entitled to certain damages, which will be further explained as I read through these instructions.

Ace Tank has raised the following defenses:

1.      It did not give an express warranty of its own. It merely passed through the warranty of the product manufacturer, Phillips Pump;

2.      If you find that Source expressly warranted the product, and you also find a breach of that warranties, then Holaday Parks will be entitled to damages, as will be further explained as I read these instructions to you.

I will now instruct you on the law of warranties as it relates to Holaday Parks' warranty claim against Source North America.

*Authority:*

*Objections:*

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 63
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   _Holaday-Parks' Objections_: Contract construction is a question of law for the Court.  It

2   should not be posed to the jury.  Ace Tank gave Holaday-Parks a warranty that the goods

3   and services it provided under the contract for the Phase 6 Project would be "free from

4   defects of workmanship and material."  On dispositive motion practice, the court

5   recognized that Ace Tanks afforded this express warranty.  This was also conceded by

6   Ace Tanks in its briefing: _"The Ace Tank bid incorporates by reference the_

7   _manufacturers' warranties for the goods it furnished to the Project."_ [DKT 78 20:8-9];

8   _"Ace Tank bargained for limited warranty liability in the event of a system_

9   _malfunction[.]"_ [DKT 96 9:14-15]; _"Ace Tank's limited warranty did not fail in its_

10  _essential purpose[.]"_ [DKT 96 10-1].   The Court further found the limitations of

11  remedies provisions of the warranty unconscionable and unenforceable, and refused to

12  dismiss Holaday-Parks' warranty claims against Ace Tanks.  If the manufacturer

13  warranties are incorporated by referenced in the seller's warranty, HP is entitled to

14  enforce them against the seller.  Additionally, under the UCC, a negligence standard

15  applies to the services provided by Ace Tanks.  HOLADAY-PARKS PROPOSED JURY

16  INSTRUCTIONS A-19 THROUGH A-22 are tailored to the circumstances of this case

17  and serve as Holaday-Parks' alternative instructions for the claims against Ace Tanks

18  (a/k/a Source North America).

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 64
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## SNA'S PROPOSED INSTRUCTION NO. B-2

### Holaday-Parks' Claims Against Source North America

### (Express Warranty Defined)

A seller creates an express warranty by any of the following means:

1.       By making any statement of fact or promise to the buyer that the goods delivered will conform to the statement of fact or promise about the quality of the product.

2.       By describing the goods that the products sold will conform to the description in a way that the description becomes a part of the basis for the bargain.

3.       By providing a sample or model and promising that the products delivered will conform to the sample or model

The seller does not have to use formal words such as "warrant" or "guarantee" or that it have a specific intention to make a warranty.

*Authority*:

RCW 62A.2-313

*Objections*:

*Holaday-Parks Objections*:  Same as objections to SNA proposed instruction B-1, which is incorporated herein by reference.  This proposed instruction is inapplicable and unnecessary in this case and will do nothing but confuse the jury as to why it was given. HOLADAY-PARKS PROPOSED JURY INSTRUCTIONS A-19 THROUGH A-22 are tailored to the circumstances of this case and serve as Holaday-Parks' alternative instructions for the claims against Ace Tanks (a/k/a Source North America).

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 65
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**SNA'S PROPOSED INSTRUCTION NO. B-3**

**Holaday-Parks' Claims Against Source North America**

**(Creation of Express Warranty)**

Before you can conclude that Source gave any express warranty, you must first find that Source, and not the fuel system manufacturer, made a representation or affirmation of fact about the fuel control system and that Holaday-Parks relied on Source's representation or affirmation of fact about the fuel control system.

*Authority*:

*Casper v. E.I. DuPont De Nemours and Co.*, 806 F. Supp. 903 at 909  (E.D. Wash. 1992)

*Objections*:

*Holaday-Parks Objections*:  Same as objections to SNA proposed instruction B-1, which is incorporated herein by reference.  This proposed instruction is NOT a correct statement of the law.  Both the manufacturer and the seller can give warranties.  HOLADAY-PARKS PROPOSED JURY INSTRUCTIONS A-19 THROUGH A-22 are tailored to the circumstances of this case and serve as Holaday-Parks' alternative instructions for the claims against Ace Tanks (a/k/a Source North America).

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 66
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3

## SNA'S PROPOSED INSTRUCTION NO. B-4

### Holaday-Parks' Claims Against Source North America

### (Breach of Warranty – Basic Measure of Damages)

4
5
6

If you find that Source gave an express warranty for the fuel control system, and if you also find that it breached that warranty for the fuel control system, then Holaday Parks is entitled to be compensated for that breach.

7
8

I will now instruct you on the way you are to calculate damages if you find that Source breached any warranty it gave to Holaday Parks:

9
10
11
12

The measure of damages for breach of warranty is the difference between the value of the fuel control system that was delivered to the AT&T job site and the value it would have had if it had been delivered as warranted, unless special circumstances show proximate damages of a different amount.

13
14

*Authority*:

R.C.W. § 62A.2-714 and *Lidstrand v. Silvercrest Industries* 28 Wash.App. 359 (1981)

15
16
17
18
19

*Objections*:

*Holaday-Parks Objections*:  Same as objections to SNA proposed instruction B-1, which is incorporated herein by reference.  HOLADAY-PARKS PROPOSES AN ALTERNATIVE INSTRUCTION IN ITS PROPOSED INSTRUCTION A-22 WITH RESPECT TO DAMAGES.

20
21
22
23
24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 67
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

SNA'S PROPOSED INSTRUCTION NO. B-5

**Holaday-Parks' Claims Against Source North America**

**(Breach of Warranties – Consequential Damages)**

If you find that Source warranted the fuel control system, and if you further find that it breached that warranty, then, in addition to awarding any damages for the difference in value of the system as warranted and as delivered, if you find that fuel spill damages were reasonably foreseeable to Source at the time of contract, you can award consequential damages unless you also find that Holaday-Parks knew about the fuel control system malfunction before the spill.

Consequential damages are those damages that naturally flow from the breach of warranty without any intervening cause.

If you find that Holaday Parks knew of the malfunction before the spill, then you must also find that any damage caused by the spill was not proximately caused by the breach of warranty. In such event, you shall award no consequential damages to Holaday Parks.

*Authority*:

*Lidstrand v. Silvercrest Industries* 28 Wash.App. 359, 365-366, 623 P.2d 710 (1981)

R.C.W. § 62A.2-715(2)(b) and Official Comment 5 to RCW 62A.2-715(2)(b);

*Objections*:

*Holaday-Parks Objections*:  Same as objections to SNA proposed instruction B-1, which is incorporated herein by reference.  HOLADAY-PARKS PROPOSES AN ALTERNATIVE INSTRUCTION IN ITS PROPOSED INSTRUCTION A-22 WITH RESPECT TO DAMAGES.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 68
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**SNA'S PROPOSED INSTRUCTION NO. B-6**

**Holaday-Parks' Claims Against Source North America**

**(Consequential Damages – Duty of Party Injured to Avoid Known Risks)**

In fixing the amount of money which will reasonable and fairly compensate Holaday Parks, you are to consider that a person whose property or business is damaged must exercise ordinary care to minimize existing damages and to prevent further damage. If any loss is proximately caused by a failure to exercise such care, damages cannot be recovered for such loss.

If you find that Holaday Parks knew the fuel control system was malfunctioning before the spill and if you further find that it did not take reasonable steps to mitigate harm by taking steps to prevent the system malfunction from causing damage to property or injury to persons, you shall not award any consequential damages to Holaday Parks.

*Authority*:

RCW 62A.2-715, Official Comment 5 and *Hinderer v. Ryan*, 7 Wn. App. 434 (1972)

*Objections*:

*Holaday-Parks' Objections*:  *This proposed jury instruction attempts to assert an affirmative defense that is not plead in Ace Tanks' Answer.*  Ace Tank was on site on July 21, 2008.  It investigated Day Tank 3 fuel level sensor problem and had superior knowledge of the problem.  Steve Latimer made the system "safe" by disconnecting the faulty fuel level sensor circuit.  The cause of the fuel control system problems – EMI damage to the analog modules -- was not suspected or known until January 2009 when Ace Tank retained CSI to inspect and repair the system.  Additionally, under the UCC, a negligence standard applies to the services provided by Ace Tanks.  Because a negligence standard applies (under the UCC) to the services provided by Ace Tanks, this affirmative

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 69
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

defense, if it had been timely asserted, is subsumed under comparative fault and is not a complete bar to recovery.  HOLADAY-PARKS PROPOSES AN ALTERNATIVE INSTRUCTION IN ITS PROPOSED INSTRUCTION A-21 WITH RESPECT TO HOLADAY-PARKS' ENTITLEMENT TO CONSEQUENTIAL DAMAGES.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 70
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-1**

**Holaday-Parks' Claims Against Evergreen**

**(Issues – Breach of Contract)**

The following is a summary of the claims of the parties provided to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

The third-party plaintiff Holaday-Parks entered into a contract with Evergreen for it to provide specified electrical services at the Phase 6 project. Holaday-Parks claims that Evergreen breached the contract by selecting and depicting unshielded wire to connect the day tank level sensors to the control panels on drawing E 6.6.

Evergreen denies that it breached the contract. Evergreen claims that it performed its work in accordance with the contract requirements by providing written identification of wire that it would install and received appropriate approval for the submittal. Evergreen also claims that its work did not cause the fuel spill and that the fuel spill was caused by the failure to install gravity overflow pipes, to install an independent high alarm, or by including programming to compare sensor readings, which were design features not within Evergreen's control.

*Authority*:

WPI 300.01.01 (modified).

*Objections*:

*Holaday-Parks Objections*:  This proposed instruction by Evergreen does not accurately reflect Holaday-Parks' claim against Evergreen, or the standard to be applied at trial. Under the indemnification provisions of the subcontract, Holaday-Parks must prove only

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 71
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

that the fuel spill "arose from" the work of Evergreen or its electrical subcontractor Gary Gerber.  HOLADAY-PARKS' ALTERNATIVE PROPOSED INSTRUCTION A-15 (INDEMNITY) IS AS FOLLOWS:

> *Under the subcontract between Evergreen and Holaday-Parks, Evergreen promised to indemnify [reimburse] Holaday-Parks for all claims, demands, losses and liabilities arising from, resulting from or connected with the work performed by Evergreen on the Phase 6 Project.  The work of Evergreen includes the work of electrical engineer Gary Gerber.*

> *The phrase "arising from, resulting from or connect with" does not  does not require proximate causation.  It requires only "but for" causation between the work performed and the resulting damage.*

SIMILARLY, HOLADAY-PARKS' PROPOSED INSTRUCTION A-17 (DUTY TO DEFEND) ADDRESSES EVERGREEN'S DUTY TO DEFEND.  In addition, the Court has already determined as a matter of law that the installation of unshielded wire, rather than a shielded wire, to connect the Day Tank fuel level sensor to the fuel control panel, was a breach of the main Construction Agreement.  Under the Evergreen subcontract, Evergreen agreed to be bound by the main Construction Agreement, and Evergreen is therefore bound by this ruling.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 72
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## EVERGREEN'S PROPOSED INSTRUCTION NO. C-2

### Holaday-Parks' Claims Against Evergreen

### (Burden of Proof on the Issues – Breach of Contract)

Holaday-Parks has the burden of proving each of the following propositions on its claim of breach of contract:

(1)    That the terms of the contract between Holaday-Parks and Evergreen included a requirement that Evergreen independently select and verify the wiring for the control system for the storage tanks;

(2)    That Evergreen breached the contract by improperly relying on information to select the wire; and

(3)    That Evergreen's selection caused the fuel spill.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for Evergreen. On the other hand, if each of these propositions has been proved, then you must consider the affirmative defense[s] claimed by Evergreen.

Evergreen has the burden of proving the following affirmative defenses:

1.    Damages from the fuel spill could have been eliminated by the installation of gravity overflow pipes.

2.    Damages from the fuel spill could have been eliminated by the installation of an independent high alarm or by programming to compare sensor readings.

3.    Another party had the contractual requirement to design and install either or both of these features.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 73
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

4.      Holaday-Parks knew that the system could overflow without an alarm and therefore the spill was not caused by this condition but by the actions of others, including AT&T and Holaday-Parks, in how they responded to this knowledge from July 21 to August 1.

If you find from your consideration of all the evidence that one or more affirmative defenses have been proved, your verdict should be for Evergreen. On the other hand, if none of these affirmative defenses has been proved, then your verdict should be for Holaday-Parks.

*Authority*:

WPI 300.03 (modified).

*Objections*:

*AT&T Mobility's Objections*: With respect to Evergreen's statement of its affirmative defenses, AT&T Mobility did not have a "contractual requirement" to install a gravity overflow or other, particular design features in the Phase 6.  The alleged source of a duty to include an overflow pipe is that an overflow pipe is required by a professional engineer's standard of care.  *See* discussion in AT&T Mobility's Trial Brief.  If any instruction is given, therefore, it must specify that it is applicable only against those parties, if any, who had the professional responsibility to design the Phase 6 project. Accordingly, the following alternative statement as to Evergreen's affirmative defenses 1-3 is proposed:

Evergreen has the burden of proving the following affirmative defenses:

1.      Damages from the fuel spill could have been eliminated by the installation of gravity overflow pipes.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 74
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2        2.      Damages from the fuel spill could have been eliminated by

the installation of an independent high alarm or by programming to

3     compare sensor readings.

4        3.      Another party had the obligation, as a professional engineer

5     with design responsibility for the Phase 6 project, to design and install

6     either or both of these features.

7     *Holaday-Parks Objections:*  Same as objection to Evergreen Proposed Instruction C-1,

8     which is incorporated herein by reference

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 75
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## EVERGREEN'S PROPOSED INSTRUCTION NO. C-3

### Holaday-Parks' Claims Against Evergreen

### (Contract Defined)

A contract is a legally enforceable promise or set of promises. In order for a promise or set of promises to be legally enforceable, there must be mutual assent and consideration.

*Authority*:

WPI 300.01 (modified by optional second sentence) ("Note on Use:  Use this instruction when the existence of a contract or its terms is at issue.").

*Objections*:

*AT&T Mobility's Objections*:  AT&T Mobility is unaware of any issue in this case concerning contract formation.  Accordingly, this instruction may confuse or mislead the jury.

*Holaday-Parks Objections*:  This proposed jury instruction addresses the formation and scope of the Evergreen subcontract. There are no disputable facts regarding either the formation of the subcontract or its scope.  Thus, this proposed instruction is inapplicable to the circumstances in this case.  In dispositive motion practice, Evergreen sought and obtained dismissal of all negligence claims, arguing that under the economic loss rule, Holaday-Parks' sole remedy was under the contract. *"In this case, Holaday-Parks has not suffered any tort injury.  It cannot establish a duty by Evergreen to Holaday-Parks, outside of the contract terms themselves."*  [DKT 71 16:14-15]; *"Contractors do not owe an independent tort duty to avoid defects in construction quality."* [DKT 103 16:5].  Evergreen urged, and the Court recognized, that all work Evergreen performed on Phase 6 was under the subcontract.  On this basis the Court dismissed Holaday-Parks'

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

negligence claim against Evergreen.  Evergreen cannot now argue that some of the work it did on Phase 6 falls outside the scope of the Evergreen subcontract.  There is no factual dispute the electrical engineer Gary Gerber prepared and stamped the Phase 6 wiring drawings detailing the unshielded wire.  Evergreen admits it installed it.  *"Evergreen installed the wiring that connected the level sensor to the control panel, and the wire transmitted the information regarding the amount of fuel in the tank."* [DKT 71 5: 4-5]. Nor is there any dispute that Evergreen's Steve Stathum and AT&T's Carleton Kirkus reconnected the wire and reenergized the faulty system on July 29, 2008 and were unqualified to do so.  HOLADAY-PARKS' PROPOSED INSTRUCTIONS A-14 (CONTRACT DEFINED AND BREACH OF CONTRACT), A-15 (INDEMNITY), A-16 (BREACH OF CONTRACT), A-17 (DUTY TO DEFEND), AND A-18 (INDEMNITY ALLOCATION) ARE OFFERED AS ALTERNATIVE INSTRUCTIONS.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 77
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-4**

**Holaday-Parks' Claims Against Evergreen**

**(Mutual Assent)**

In order for there to be mutual assent, the parties must agree on the essential terms of the contract or any supplement to the contract, and must express to each other their agreement to the same essential terms.

A contract requires mutual assent based on an objective communication of intent on the essential terms of the promise, and not on the unilateral or private intent of an individual party.

*Authority*:

WPI 301.03 (modified).  *Hansen v. Transworld Wireless TV-Spokane, Inc.*, 111 Wn.App. 361, 370, 44 P.3d 929 (2002) (formation of a valid contract requires that the parties objectively express a mutual agreement as to the contract's material terms); ; *Wetherbee v. Gary,* 62 Wn. 2d 123, 381 P.2d 237 (1963); *Barnes v. Treece*, 15 Wn. App. 437, 549 P.2d 1152 (1976).

*Objections*:

*AT&T Mobility's Objections*:  AT&T Mobility is unaware of any issue in this case concerning contract formation.  Accordingly, this instruction may confuse or mislead the jury.

*Holaday-Parks Objections*:  Same as objection to Evergreen's proposed C-3, which objection is incorporated herein by reference.  HOLADAY-PARKS' PROPOSED INSTRUCTIONS A-14 (CONTRACT DEFINED AND BREACH OF CONTRACT), A-15 (INDEMNITY), A-16 (BREACH OF CONTRACT), A-17 (DUTY TO DEFEND),

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 78
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

AND A-18 (INDEMNITY ALLOCATION) ARE OFFERED AS ALTERNATIVE

INSTRUCTIONS.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 79
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## EVERGREEN'S PROPOSED INSTRUCTION NO. C-5

### Holaday-Parks' Claims Against Evergreen

### (Contract Interpretation)

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

*Authority*:

WPI 301.05.

*Objections*:

*AT&T Mobility's Objections*: Other than the specific contract interpretation issue(s) that the Court has determined must be decided by the jury – as set forth in AT&T Mobility's Prop. Inst. No. 3, AT&T Mobility is unaware of any issues that require the jury to interpret the contract.  If there are any such issues as to the contract between Holaday-Parks and Evergreen, they should be spelled out in the instruction.

*Holaday-Parks Objections*:  Same as objection to Evergreen's proposed C-3, which objection is incorporated herein by reference.  HOLADAY-PARKS' PROPOSED INSTRUCTIONS A-14 (CONTRACT DEFINED AND BREACH OF CONTRACT), A-15 (INDEMNITY), A-16 (BREACH OF CONTRACT), A-17 (DUTY TO DEFEND),

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 80
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    AND A-18 (INDEMNITY ALLOCATION) ARE OFFERED AS ALTERNATIVE

2    INSTRUCTIONS.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 81
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## EVERGREEN'S PROPOSED INSTRUCTION NO. C-6

### Holaday-Parks' Claims Against Evergreen

### (Parol Evidence)

If you find that all of the provisions of an agreement between Holaday-Parks and Evergreen are contained in a written document, and that the document was intended by the parties as their final agreement on the subjects addressed in it, then you may not consider evidence outside the written document to add to, subtract from, vary, or contradict that written document.

However, if you find that such written document was not intended to be a complete expression of all of the terms agreed upon by those parties, that is, that the document does not contain all of the terms of their agreement, then you may also consider evidence of the circumstances surrounding the making of the agreement to supply additional terms of the agreement between the parties, but only if they are not inconsistent with the provisions of the written document.

*Authority:*

WPI 301.06 (modified by party names); *Lopez v. Reynoso*, 129 Wn. App. 165 (2005).

*Objections:*

*AT&T Mobility's Objections:* Other than the specific contract interpretation issue(s) that the Court has determined must be decided by the jury – as set forth in AT&T Mobility's Prop. Inst. No. 3 – AT&T Mobility is unaware of any issues that require the jury to interpret the contract.  If there are any such issues as to the contract between Holaday-Parks and Evergreen, they should be spelled out in the instruction.

*Holaday-Parks Objections:*  Same as objection to Evergreen's proposed C-3, which objection is incorporated herein by reference.  HOLADAY-PARKS' PROPOSED

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 82
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

INSTRUCTIONS A-14 (CONTRACT DEFINED AND BREACH OF CONTRACT), A-15 (INDEMNITY), A-16 (BREACH OF CONTRACT), A-17 (DUTY TO DEFEND), AND A-18 (INDEMNITY ALLOCATION) ARE OFFERED AS ALTERNATIVE INSTRUCTIONS.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 83
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-7**

**Holaday-Parks' Claims Against Evergreen**

**(Contract Modification)**

Once a contract has been entered into, mutual assent of the contracting parties is essential for any modification of the contract.

To establish a modification, the party asserting the modification must show, through the words or conduct of the parties, that there was an agreement of the parties on all essential terms of the contract modification, and that the parties intended the new terms to alter the contract.

*Authority:*

WPI 301.07.

*Objections:*

AT&T Mobility's Objections: AT&T Mobility is unaware of any issue in this case concerning contract modification. Accordingly, this instruction may confuse or mislead the jury.

*Holaday-Parks Objections:* Same as objection to Evergreen's proposed C-3, which objection is incorporated herein by reference. HOLADAY-PARKS' PROPOSED INSTRUCTIONS A-14 (CONTRACT DEFINED AND BREACH OF CONTRACT), A-15 (INDEMNITY), A-16 (BREACH OF CONTRACT), A-17 (DUTY TO DEFEND), AND A-18 (INDEMNITY ALLOCATION) ARE OFFERED AS ALTERNATIVE INSTRUCTIONS.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-8**

**Holaday-Parks' Claims Against Evergreen**

**(Construction Contract Standards of Performance)**

The parties to a construction contract are able to negotiate and expressly identify any standards of performance that one party requires of the other. The law does not assume or infer from a contract that contractors must perform their work in accordance with a particular standard (for example, to the standards of another contractor in the same industry), unless the particular standard is expressly identified in the contract between the parties.

*Authority*:

*Urban Development, Inc. v. Evergreen Building Products, LLC*, 114 Wn. App. 639, 646 (2002), *affirmed* 151 Wn.2d 534 (2004).

*Objections*:

*AT&T Mobility's Objections*: This is an incorrect statement of Georgia law, which governs AT&T Mobility's contract with Holaday-Parks, and, under which, an obligation to perform work in a fit and workmanlike manner is implied in every construction contract. *Nulite Industries Co., LLC v. Horne,* 252 Ga. App. 378, 379, 556 S.E.2d 255 (2001). In addition, the Court has already found that Holaday-Parks breached an express promise to perform the work on the Phase 6 project in a workmanlike manner. Accordingly, to guard against juror confusion, AT&T Mobility asks that the following sentences be added to this instruction: "This instruction applies only to the contract between Holaday-Parks and Evergreen, which is governed by Washington law. It does not apply to the contract between AT&T Mobility and Holaday-Parks, which is governed

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 85
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

by Georgia law.  Under Georgia law, an obligation to perform the work in a fit and

workmanlike manner is implied in every construction contract."

3

4

*Holaday-Parks Objections*:  Same as objection to Evergreen Proposed Instruction C-1

and C-3, which objections are incorporated herein by reference.  Evergreen's standard of

5

6

performance is not at issue in enforcing the indemnification provision under which

Evergreen must indemnify Holaday-Parks for all damages "arising from [Evergreen's]

7

8

work". HOLADAY-PARKS' PROPOSED INSTRUCTIONS A-14 (CONTRACT

DEFINED AND BREACH OF CONTRACT), A-15 (INDEMNITY), A-16 (BREACH

9

10

OF CONTRACT), A-17 (DUTY TO DEFEND), AND A-18 (INDEMNITY

ALLOCATION) ARE OFFERED AS ALTERNATIVE INSTRUCTIONS.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 86
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## EVERGREEN'S PROPOSED INSTRUCTION NO. C-9

### Holaday-Parks' Claims Against Evergreen

### (Contract – Mitigation of Damages)

A claimant who sustains damage as a result of a party's breach of contract has a duty to minimize its loss. The claimant is not entitled to recover for any part of the loss that it could have avoided with reasonable efforts. The defendant has the burden to prove the claimant's failure to use reasonable efforts to minimize its loss, and the amount of damages that could have been minimized or avoided.

*Authority*:

WPI 303.06 (modified).

*Objections*:

*AT&T Mobility's Objections*: There is no issue concerning mitigation in this case.  A party's duty to mitigate does not arise until it is injured.  *See* AT&T Mobility's objection and PROPOSED ALTERNATIVE TO HOLADAY-PARKS' PROP. INST. A-13.

*Holaday-Parks Objections*:  Same as objection to Evergreen Proposed Instruction C-1, which is incorporated herein by reference.  This jury instruction does not apply to the circumstances of this case.  This instruction would only apply to events after the fuel spill.  Holaday-Parks' conduct after the spill is not at issue.  Holaday-Parks was not involved in the fuel-spill cleanup.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 87
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-10**

**Holaday-Parks' Claims Against Evergreen**

**(Waiver)**

A waiver may occur by word or be implied by conduct that demonstrates unequivocal acts of conduct evidencing an intent to waive.

*Authority:*

*Mike M. Johnson v. County of Spokane*, 150 Wn.2d 375, 386 (2003).

*Objections:*

AT&T Mobility's Objections: AT&T Mobility is unaware of any issue in this case concerning waiver.  Accordingly, this instruction may confuse or mislead the jury.

*Holaday-Parks Objections:*  Same as objection to Evergreen Proposed Instruction C-1, which is incorporated herein by reference.  This jury instruction does not apply to the circumstances of this case.  There is no evidence of a waiver by Holaday-Parks.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 88
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-11**

**Holaday-Parks' Claims Against Evergreen**

**(Interference with Contractual Performance)**

If one party enters into a contract with another, there is an implied agreement by each to do nothing that will hinder, prevent, or interfere with the performance of the contract terms by the other.

If Evergreen proves by a preponderance of the evidence that Holaday-Parks interfered with Evergreen's ability to obtain accurate and complete information as to the equipment supplied by Holaday-Parks or its vendors, then Evergreen is excused from incorporating that information into the work it performed related to that equipment.

*Authority*:

WPI 302.08 (modified).

*Objections*:

*Holaday-Parks Objections*:  Same as objection to Evergreen Proposed Instruction C-1, which objection is incorporated herein by reference.  This affirmative defense was not plead by Evergreen.  This jury instruction does not apply to the circumstances of this case.  Nor is there any evidence to support this new allegation of "interference."

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-12**

**Holaday-Parks' Claims Against Evergreen**

**(Spoliation)**

When evidence is within the control of a party who has a reasonable basis to believe that it may assert a claim, and the party does not preserve the evidence from modification and subsequently destroys the evidence through testing, without notice of the testing to interested parties or complete documentation of the evidence, you may infer that the evidence would be unfavorable to that party.  A party has control of evidence when the evidence is in the actual physical custody of the party.

*Authority*:

*Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,* 982 F.2d 363, 369 (9th Cir. 1992).

*Objections*:

*AT&T Mobility's Objections*: Although Evergreen subtitles this instruction as relating to Holaday-Parks' claims against Evergreen, this instruction is really aimed at AT&T Mobility's case, and the testimony of its expert.  Whether an inference of the type set forth in this proposed instruction is warranted, however, is a determination for the Court, not the jury.  The Court has not so found, and, to the contrary, denied Evergreen's motion in limine seeking exclusion of AT&T Mobility's expert on this ground.  Giving this instruction would be extremely prejudicial to AT&T Mobility because there is no evidence that AT&T Mobility destroyed evidence, which is what spoliation requires.  *See* discussion in AT&T Mobility's Trial Brief.

*Holaday-Parks Objections*:  This jury instruction does not apply to the circumstances of this case.  Holaday-Parks never had custody or control of physical evidence in this case.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 90
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4

In fact, because Evergreen had staff permanently assigned to the Bothell 9 facility before and after the spill – including Evergreen supervisor Steve Statham – Evergreen had far better access to the physical evidence at Bothell 9 facility that did Holaday-Parks, which had no access at all.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 91
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-13**

**Holaday-Parks' Claims Against Evergreen**

**(Causation—Breach of Contract)**

A party injured by a breach of contract may recover all damages that are caused by the breach. "Causation" means a cause which in a direct sequence, unbroken by any superseding cause, produced the fuel spill and without which such event would not have happened. There may be more than one cause of the same event.

A superseding cause is a new independent cause that Evergreen could not reasonably have anticipated that occurs after Evergreen's actions and that breaks the sequence of events that connects Evergreen's actions to the spill.

*Authority*:

*Brotherton v. Kralman Steel Structures, Inc.,* 165 Wn. App. 727, 735 269 P.3d 307 (2011); WPI 15.01 (modified); WPI 15.04 (modified); WPI 15.05 (modified).

*Objections*:

*AT&T Mobility Objections:* To avoid potential juror confusion, this instruction needs to be specifically limited to Holaday-Parks' claims against Evergreen. As discussed in AT&T Mobility's objection to Holaday-Parks' Prop. Inst. A-9, there is no basis for a superseding/intervening cause instruction at to AT&T Mobility's claims, and, even if the Court were to find such an instruction necessary, the applicable standard under Georgia law is different.

*Holaday-Parks Objections:* There is no evidentiary basis for the superseding cause portion of this instruction. The very last persons to have done anything to the Day Tank 3 fuel control system were AT&T's Carleton Kirkus and Evergreen supervisor Steve Statham, on July 29, 2008, when the reconnected the faulty circuit and reenergized

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 92
No. 2:10-cv-00468-TSZ

Corr Cronin Michelson
Baumgardner & Preece llp
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  the fuel control system without checking it for proper operation.  The next thing that

2  happened was the fuel spill itself. There is no evidence of anything that happened –

3  anything to breach the sequence of events -- between July 29, 2008 and the spill on

4  August 1, 2008.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 93
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-14**

**Holaday-Parks' Claims Against Evergreen**

**(Causation—Contractual Indemnity)**

A claim "arises out of" the work performed by Evergreen under its contract with Holaday-Parks if an overt act or omission by Evergreen caused or combined with other actions to cause the fuel spill. "Causation" means a cause which in a direct sequence, unbroken by any superseding cause, produced the fuel spill and without which such event would not have happened.

*Authority:*

*See, e.g., Scott Galvanizing, Inc. v. Northwest Enviroservices, Inc.,* 120 Wn.2d 573, 844 P.2d 428 (1993) (requiring an overt act or omission of the subcontractor cause the loss before indemnity containing "arising out of" language is triggered); *Brame v. St. Regis Paper Co.,* 97 Wn.2d 748, 750-52, 649 P.2d 836 (1982) (subcontractor not required to indemnify general contractor for losses "arising out of" subcontractor work when subcontractor performed work in accord with project specifications); *Dirk v. Amerco Marketing Co. of Spokane,* 88 Wn.2d 607, 611-13, 565 P.2d 90 (1977) ("simple causation in fact" insufficient to establish causation necessary to trigger contractual indemnity with "arising out of" language when the indemnitor's actions were a "remote" connection to the loss as compared to the actions of the indemnitee); *Northern Pac. R. Co. v. Sunnyside Valley Irrig. Dist.,* 85 Wn. 2d 920, 922-923, 540 P.2d 1387 (1975) (requiring that indemnitor's work be defective in some way to trigger indemnity); *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 521-22, 527 P.2d 1115 (1974) (subcontractor not required to indemnify general contractor when the third-party claimed its losses were solely the

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 94
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

result of the general's actions and thus subcontractor did not did not cause injury and "arising out of language" not satisfied).

*Objections:*

*AT&T Mobility:* This is an incorrect statement of Georgia law.  *See* AT&T Mobility's PROP. INST. 6.  Accordingly, if this instruction is given, it must be specifically limited to Holaday-Parks' claims against Evergreen.

*Holaday-Parks Objections:*  HOLIDAY-PARKS' PROPOSED INSTRUCTION A-5 PROVIDES AN ALTERNATIVE INSTRUCTION.  HOLADAY-PARKS PROPOSES A SECOND ALTERNATIVE to apply to its claims against Evergreen, which modifies Evergreen's proposed instruction C-14 as follows (deleting the reference to superseding cause):

> *A claim "arises out of" the work performed by Evergreen under its contract with Holaday-Parks if an overt act or omission by Evergreen caused or combined with other actions to cause the fuel spill.  "Causation" means a cause without which such event would not have happened.*

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**EVERGREEN'S PROPOSED INSTRUCTION NO. C-15**

**Holaday-Parks' Claims Against Evergreen**

**(Measure of Damages)**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In order to recover actual damages, Holaday-Parks has the burden of proving that it incurred actual damages as a result of the defendant's breach, and the amount of those damages.

If your verdict is for Holaday-Parks that Evergreen caused or concurred in causing the fuel spill and if you find that Holaday-Parks has proven the amount of damages that Evergreen caused, then you shall award actual damages to Holaday-Parks. Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

(a) in the ordinary course of events, or

(b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating Holaday-Parks' actual damages, you should determine the sum of money that will put it in as good a position as it would have been in if Evergreen had not breached its contract and caused the spill.

The burden of proving damages rests with HP and it is for you to determine, based upon the evidence, what portion of the damages that HP is paying to AT&T for the fuel spill clean-up (if any) were caused by Evergreen's breaches (if any), that HP has

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

*Authority:*

WPI 303.01 (modified).

*Objections:*

*Holiday-Parks' Objection*: This proposed damage jury instruction is unnecessary. Holaday-Parks requests that the damage issues be bifurcated and decided by the Court. Moreover, as a matter of law, Holaday-Parks' damages in this case will be 1) the amounts due to AT&T, if any, plus Holaday-Parks' attorneys' fees and costs in this litigation.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 97
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**Jointly Presented by:**

2

*/s/ Seann C. Colgan*
William F. Cronin, WSBA No. 8667

3
Seann C. Colgan, WSBA No. 38769
CORR CRONIN MICHELSON

4
BAUMGARDNER & PREECE LLP

5
1001 Fourth Avenue, Ste. 3900
Seattle, Washington 98154

6
Tel: 206-625-8600 Fax: 206-625-0900
Email: wcronin@corrcronin.com

7
        scolgan@corrcronin.com

8
*Attorneys for Plaintiff* AT&T Mobility

9
LLC

*/s/ Shilpa Bhatia (via email auth.)*
Shilpa Bhatia
WILSON SMITH COCHRAN
DICKERSON
1215 Fourth Avenue, Ste 1700
Seattle , WA 98161-1007
206-623-4100
Email: bhatia@wscd.com

*Attorneys for Third-Party Defendant*
Evergreen Power Systems, Inc.

10

*/s/ Jeffrey D. Laveson (via email auth.)*

11
Jeffrey David Laveson
CARNEY BADLEY SPELLMAN

12
701 Fifth Avenue, Ste 3600
Seattle , WA 98104-7010

13
206-622-8020
Email: laveson@carneylaw.com

14
*Attorneys for Defendant* Holaday-Parks

15
Fabricators, Inc.

*/s/ Andrew D. Shafer (via email auth.)*
Andrew David Shafer
SIMBURG, KETTER, SHEPPARD
& PURDY, LLP
999 Third Avenue, Ste 2525
Seattle , WA 98104
206-382-2600
Email: ashafer@sksp.com

*Attorneys for Third-Party Defendant*
Source North America dba Ace Tank &
Fueling Equipment

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 98
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

1

2        The undersigned hereby certifies as follows:

3        I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys

4    of record for Plaintiff herein.

5

6        On April 9, 2012, I caused a true and correct copy of the foregoing document to

7    be electronically filed with the Clerk of the Court using the CM/ECF system, which will

8    send notification of such filing to the following:

9

10                      Jeffrey D. Laveson
                       Carney Badley Spellman, P.S.
11                     701 Fifth Avenue, Suite 3600
                       Seattle, Washington 98104
12                     E-mail: Laveson@carneylaw.com

13                     *Attorneys for Defendant*

14                     Holaday-Parks Fabricators, Inc.

15
                       Andrew D. Shafer
16                     Simburg Ketter Sheppard & Purdy LLP
                       999 Third Ave., Ste. 2525
17                     Seattle, WA 98104-4089
                       E-mail: ashafer@sksp.com
18

19                     *Attorneys for Third-Party Defendant*
                       Source North America dba Ace Tank & Fueling Equipment
20

21                     Shilpa Bhatia
                       Wilson Smith Cochran Dickerson
22                     1215 4th Ave., Ste. 1700
                       Seattle, WA 98161
23                     E-mail: bhatia@wscd.com

24                     *Attorneys for Third-Party Defendant*
                       Evergreen Power Systems, Inc.
25

JOINT STATEMENT OF DISPUTED                    **CORR CRONIN MICHELSON**
JURY INSTRUCTIONS - 99                         **BAUMGARDNER & PREECE LLP**
No. 2:10-cv-00468-TSZ                           1001 Fourth Avenue, Suite 3900
                                                Seattle, Washington 98154-1051
                                                Tel (206) 625-8600
                                                Fax (206) 625-0900

1
2

     I declare under penalty of perjury under the laws of the State of Washington

that the foregoing is true and correct.

3
4

     DATED: April 9, 2012 at Seattle, Washington.

5
6
7

Donna Patterson

8
9
10
11
12
13
14
15
16
17
18

283 00018 md096502

19
20
21
22
23
24
25

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS - 100
No. 2:10-cv-00468-TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900